PLAINTIFF PRO SE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD M. FRIEDMAN<br>PID# 200503494<br>NAPA COUNTY JAIL<br>1125 THIRD STREET<br>NAPA, CA 94559 -3015,<br>     PLAINTIFF,<br><br>V.<br><br>U.S. SECRET SERVICE<br>950 H STREET, N.W.<br>WASHINGTON, DC 20223,<br>     DEFENDANT. | FIRST AMENDED COMPLAINT<br>FOR DECLARATORY AND<br>INJUNCTIVE RELIEF UNDER<br>5 U.S.C. §552 (FOIA) |

## COMPLAINT
## INTRODUCTION

1. THIS IS AN ACTION UNDER THE FREEDOM OF INFORMATION ACT

("FOIA"), 5 U.S.C. §552, AS AMENDED, TO COMPEL THE U.S.

SECRET SERVICE ("DEFENDANT") TO PRODUCE COPIES OF ANY

AND ALL FILES, RECORDS, DOCUMENTS, INFORMATION, PHOTOS,

RECORDINGS, RESEARCH MATERIALS (INCLUDING RESULTS), AND

PURCHASING OR PROCUREMENT AND ANY OTHER CONTRACT-RELATED

INFORMATION, ETC. RELATED TO OR REFERRING TO ANY RESEARCH

RELATED TO, DEVELOPMENT OF, ACQUISITION OF (INCLUDING BY

BORROWING FROM ANY ORGANIZATION, INCLUDING BUT NOT LIMITED TO, ANY PART OR AGENCY OF THE U.S. MILITARY, OR ANY MILITARY CONTRACTOR, PURSUANT TO THE PRESIDENTIAL PROTECTION ASSISTANCE ACT OF 1976, CODIFIED IN THE NOTES OF 18 U.S.C. § 3056), POSSESSION OF, INSTALLATION OF, DEPLOYMENT OF, USE OF, TESTING OF, AND/OR INVESTIGATION, RESEARCH, OR EVALUATION OF THE CAPABILITIES, PROPERTIES, AND/OR EFFECTS OF ANY:

1) DIRECTED-ENERGY WEAPONS OR SYSTEMS (INCLUDING ANY AND ALL PARTS OR COMPONENTS THEREOF); AND/OR

2) DIRECTED-ENERGY DEVICES OR SYSTEMS (INCLUDING ANY AND ALL PARTS OR COMPONENTS THEREOF), INCLUDING BUT NOT LIMITED TO, THOSE WHICH ARE CAPABLE OF CAUSING ANY PERCEIVABLE EFFECT OF ANY KIND OR TYPE, ON ANY PART OR IN ANY PART OF A PERSON'S BODY (NO MATTER WHAT THE ELECTROMAGNETIC ("EM") RADIATION TYPE, TRANSMISSION, SIGNAL, PROJECTION, AND/OR EMISSION FREQUENCY, WAVELENGTH, INTENSITY, DURATION, OR OTHER CHARACTERISTICS, HOWEVER,

THIS DOES <u>NOT</u> REFER TO EM RADIATION IN THE VISIBLE LIGHT PORTION OF THE EM SPECTRUM, WITH THE EXCEPTION OF HOLOGRAPHIC TECHNOLOGIES) WHEN HE OR SHE IS HIT BY ANY (OR ANY PORTION OF ANY) TRANSMISSION, SIGNAL, PROJECTION, AND/OR EMISSION <u>AND/OR</u> THOSE WHICH ARE CAPABLE OF BEING USED TO SURVEILLE OR MONITOR ANY PERSON OR PART OF A PERSON FROM A REMOTE LOCATION; AND/OR

3) ELECTROMAGNETIC RADIATION-EMITTING DEVICES OR SYSTEMS (INCLUDING ANY AND ALL PARTS OR COMPONENTS THEREOF) WHICH ARE CAPABLE OF CAUSING ANY INJURY OR PERCEPTION OF PHYSICAL PAIN IN OR ON ANYONE WHO IS HIT OR STRUCK BY ANY OF THE DEVICE'S OR SYSTEM'S EMISSIONS.

## PARTIES

2. PLAINTIFF, DONALD M. FRIEDMAN, ("PLAINTIFF,") IS OVER 18 YEARS OF AGE, A CITIZEN OF THE STATE OF CALIFORNIA, AND IS INCARCERATED AS AN UNSENTENCED, PRE-TRIAL, PRO SE INMATE AT THE NAPA COUNTY JAIL, NAPA, CALIFORNIA AS A DIRECT AND PROXIMATE RESULT OF THE DEFENDANT'S CRIMINAL MISUSE OF

3.

THE ABOVE-DESCRIBED, DIRECTED-ENERGY TECHNOLOGIES TO

TORTURE, COERCE, CONTROL, INFLUENCE, DISTRACT, ETC. THE

PLAINTIFF, AND/OR CONTROL OR INFLUENCE THE PLAINTIFF'S

BEHAVIOR AND ACTIONS. THE PLAINTIFF IS THE REQUESTER OF

THE RECORDS.

3. DEFENDANT, U.S. SECRET SERVICE, AN AGENCY WITHIN THE

U.S. DEPARTMENT OF HOMELAND SECURITY (AN EXECUTIVE

DEPARTMENT OF THE U.S. GOVERNMENT), HAS POSSESSION

AND/OR CONTROL OVER ALL OF THE RECORDS, ETC. THE PLAINTIFF

SEEKS. THE DEFENDANT IS AN AGENCY WITHIN THE MEANING

OF 5 U.S.C. § 552 (f).

## JURISDICTION & VENUE

4. THIS COURT HAS PROPER JURISDICTION OVER THIS ACTION PURSUANT

TO 5 U.S.C. § 552 (a)(4)(B). VENUE IS PROPER IN THIS COURT

PURSUANT TO 5 U.S.C. § 552 (a)(4)(B).

## COUNT ONE

5. FROM SHORTLY AFTER PRESIDENT JOHN F. KENNEDY'S ASSASSINATION

ON NOVEMBER 23, 1963 WHEN THE DEFENDANT'S DIRECTOR AT

THAT TIME, JAMES J. ROWLEY, CREATED THE U.S. SECRET

Service Protective Research Division, the Defendant has made an ongoing effort to research, develop, investigate, test, use, evaluate, and attempt to create countermeasures and detection methods for every type of weapon, device, technology, and technique known to mankind which could pose any kind of substantial threat to the health, safety, self-control, self-determination, or concentration of any person designated a "protectee" under 18 U.S.C. § 3056 or anyone charged with their protection. As a result of these activities, which have been periodically stepped-up and re-evaluated as a result of tragic events in U.S. history such as the assassination of Presidential candidate Robert Kennedy in 1968 and the attempted assassination of President Ronald Reagan in 1981, the Defendant's Protective Research Division and Protective Operations Division began to covertly and/or secretly research, develop, test, investigate, evaluate, use, deploy, and/or attempt to create countermeasures and

5.

DETECTION METHODS FOR DIRECTED-ENERGY WEAPONS ("DEWs"),

DIRECTED-ENERGY SYSTEMS, AND OTHER DIRECTED-ENERGY

DEVICES (INCLUDING, BUT NOT LIMITED TO, EM RADIATION-BASED

OCCULAR (EYE OR INNER-EYE) OR RETINAL IMAGE/VIDEO PROJECTION

TECHNOLOGIES, HOLOGRAPHIC PROJECTION TECHNOLOGIES, AND

MICROWAVE AUDITORY EFFECT-BASED, MICROWAVE HEARING

EFFECT-BASED, ARTIFICIAL TELEPATHY-BASED, V2K-BASED, AND FREY EFFECT-

BASED COMMUNICATION TECHNOLOGIES, ETC., AS EACH

TECHNOLOGY BECAME AVAILABLE OR POSSIBLE), AND OTHER

EM RADIATION-BASED TECHNOLOGIES WHICH COULD BE USED

TO INFLICT INJURY OR PHYSICAL PAIN UPON SOMEONE TO CONTROL

OR INFLUENCE SOMEONE'S BEHAVIOR. DURING SOME OF THIS

RESEARCH, ETC. THE DEFENDANT ENGAGED IN OVER 40 YEARS

OF WIDESPREAD, NONCONSENTUAL, COVERT/SECRET,

CRIMINALLY-OVER-ZEALOUS, AND COMPLETELY UNNECESSARY

AND UNWARRANTED HUMAN EXPERIMENTATION AND CRIMINAL

MISUSE OF THE DIRECTED-ENERGY TECHNOLOGIES UPON

INNOCENT CIVILIANS (WHICH ALMOST ALWAYS, AS AN INTEGRAL

PART OF IT, INFLICTS HORRIBLY SEVERE AND BRUTAL TORTURE,

COERCION, THREATS, CONTROL, AND/OR ABUSE OF OTHER KINDS,

WHICH IS WHOLLY CRIMINAL, UPON THE VICTIMS WHO CANNOT ESCAPE,

STOP, OR PREVENT THE HARMFUL AND DANGEROUS TORTURE, ETC. BY

ANY READILY OR REASONABLY AVAILABLE MEANS AND CANNOT EVEN

IDENTIFY THEIR ATTACKERS IN ORDER TO TAKE APPROPRIATE LEGAL

ACTION TO END THE ATTACKS!) ~~AS WELL AS THE THOUSANDS OF~~

~~OTHER INNOCENT PEOPLE OF THESE TECHNOLOGIES BY TERRORISTIC CRIME,~~

~~UNCOOPERATIVE, AND INNOCENT UNKNOWING VICTIMS/TARGETS (NONE OF WHOM THE~~

~~VICTIMS/TARGETS ARE TOTALLY UNAWARE OF EVEN IF THE SOURCE OF THE~~

~~TORTURE, ETC.~~), INCLUDING THE PLAINTIFF, OTHER PAST AND PRESENT

MEMBERS OF THE PLAINTIFF'S FAMILY, AND THOUSANDS OF OTHER

INNOCENT PEOPLE. MOST OF THESE DEVICES AND TECHNOLOGIES

HAVE A RANGE OF HUNDREDS OF METERS (UP TO APPROXIMATELY

1000 METERS/1 KILOMETER, ARE CAPABLE OF EASILY

PENETRATING MOST WALLS AND OTHER SOLID OBJECTS AND

BARRIERS, USE INVISIBLE EM RADIATION, AND ALLOW THEIR

USERS TO REMAIN COMPLETELY ANONYMOUS, UNIDENTIFIED,

UNACCOUNTABLE, AND UNABLE TO BE PRECISELY LOCATED.

6. ON OR ABOUT SEPTEMBER 1, 2006 PLAINTIFF MAILED A LETTER TO THE FOIA/PA MANAGER AT THE DEFENDANT'S FOIA/PA OFFICE REQUESTING COPIES OF ANY AND ALL FILES, RECORDS, DOCUMENTS, INFORMATION, PHOTOS, RESEARCH MATERIALS (INCL. RESULTS), AND PURCHASING AND OTHER CONTRACT-RELATED INFORMATION RELATED OR REFERRING TO ANY DEVELOPMENT OF, ACQUISITION OF, POSSESSION OF, INSTALLATION OF, DEPLOYMENT OF, USE OF, TESTING OF, RESEARCH RELATED TO, AND/OR INVESTIGATION OR EVALUATION OF THE CAPABILITIES, PROPERTIES, AND/OR EFFECTS OF ANY:

1) DIRECTED-ENERGY WEAPONS OR SYSTEMS (INCLUDING ANY AND ALL PARTS OR COMPONENTS THEREOF); AND/OR

2) DIRECTED-ENERGY DEVICES OR SYSTEMS (INCLUDING ANY AND ALL PARTS OR COMPONENTS THEREOF); AND/OR

3) ELECTROMAGNETIC RADIATION-EMITTING DEVICES OR SYSTEMS

(INCLUDING ANY AND ALL PARTS AND COMPONENTS THEREOF)
WHICH ARE CAPABLE OF CAUSING ANY INJURY OR PERCEPTION
OF PHYSICAL PAIN IN ANY PERSON WHO IS HIT OR STRUCK BY
ANY OF THE DEVICE'S OR SYSTEM'S EMISSIONS.

SEE ATTACHED, EXHIBIT "A," A TRUE AND CORRECT COPY OF A
HAND-COPIED LETTER WHICH THE PLAINTIFF MAILED TO THE
DEFENDANT.

7. BY LETTERS DATED SEPTEMBER 9TH AND 29TH 2006 THE
PLAINTIFF CLARIFIED (BUT DID NOT MODIFY) HIS PREVIOUS FOIA
REQUEST, DATED SEPTEMBER 1, 2006. THESE CLARIFICATIONS
MERELY DEFINE MORE CLEARLY AND SPECIFICALLY WHAT THE
PLAINTIFF IS REQUESTING AND WHERE THE PLAINTIFF IS
REQUESTING THE DEFENDANT SEARCH FOR RECORDS, ETC.
RESPONSIVE TO HIS FOIA REQUEST. SEE ATTACHED, EXHIBITS "B"
AND "C," TRUE AND CORRECT COPIES OF HAND-COPIED LETTERS
WHICH THE PLAINTIFF SENT TO THE DEFENDANT BY MAIL.

8. THE PLAINTIFF IS REQUESTING (AS REQUESTED IN THE 3 LETTERS

9.

TO THE DEFENDANT) THAT THE DEFENDANT SEARCH ALL PROTECTIVE

RESEARCH, PROTECTIVE OPERATIONS, AND PURCHASING/PROCUREMENT

RELATED RECORDS, TRANSCRIPTS, DOCUMENTS, FILES, INFORMATION,

COMPUTER DATA, ETC. IN ALL RELATED LOCATIONS, LABORATORIES,

OFFICES, ETC. FOR RECORDS, ETC. RESPONSIVE TO HIS FOIA REQUEST.

THE PLAINTIFF IS ALSO REQUESTING THAT ALL PROTECTIVE RESEARCH,

PROTECTIVE OPERATIONS, AND PURCHASING/PROCUREMENT SPECIAL OR

LIMITED ACCESS PROGRAMS, AREAS, PROJECTS, LABORATORIES,

AND OFFICES FOR RECORDS, ETC. RESPONSIVE TO HIS FOIA REQUEST.

THESE REQUESTED SEARCH LOCATIONS INCLUDE ANY VEHICLE(S)

WHICH THE DEFENDANT CURRENTLY HAS (OR HAS EVER HAD) WITHIN

A MILE OR TWO OF THE PLAINTIFF'S CURRENT PHYSICAL LOCATION

WHICH HAS BEEN USED TO TRANSPORT DEFENDANT PERSONNEL

AND/OR EQUIPMENT FOR THE PURPOSE OF USING DIRECTED-ENERGY

TECHNOLOGIES ON THE PLAINTIFF OR FOR ANY OTHER PURPOSE WHICH

RESULTED IN THE USE OF ANY DIRECTED-ENERGY TECHNOLOGIES

ON THE PLAINTIFF.  THE VEHICLE(S) CONTAIN EQUIPMENT

DESCRIBED IN PARAGRAPHS #1, #5, AND #6 (OF THIS COMPLAINT)

WHICH THE DEFENDANT AND ONE OR MORE OF ITS EMPLOYEES HAVE BEEN CRIMINALLY MISUSING ON THE PLAINTIFF FOR MANY, MANY YEARS (CONTINUOUSLY SINCE FEBRUARY 25, 1997 AND ON AND OFF FOR DECADES PRIOR TO THAT DATE, AS EACH DEVICE, SYSTEM, OR TECHNOLOGY BECAME AVAILABLE TO THE DEFENDANT). THE PLAINTIFF'S CURRENT PHYSICAL LOCATION IS: NAPA COUNTY JAIL, 1125 THIRD STREET, NAPA, CA 94559.

9. ON JULY 21, 2003 U.S. SECRET SERVICE DEPUTY ASSISTANT DIRECTOR DONALD P. ZIMMERMAN, ON BEHALF OF THE ENTIRE AGENCY/DEFENDANT AND PURSUANT TO A DIRECT DISTRICT COURT ORDER AS PART OF A SEPERATE CASE IN THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, PROVIDED A SWORN DECLARATION (UNDER PENALTY OF PERJURY), WHICH IN RELEVANT PART, DENIED THAT THE DEFENDANT UTILIZES ANY EM RADIATION-BASED EQUIPMENT OR TECHNIQUE, WHICH, THROUGH THE USE OF ANY FORM OF EM RADIATION, CAN CONTROL ANY INDIVIDUAL.

11.

THIS DECLARATION IS DELIBERATELY PERJURED, STATES COMPLETELY FALSE INFORMATION FOR THE PURPOSE OF DELIBERATE DECEPTION, AND IS EVIDENCE OF EXTREME BAD FAITH ON THE PART OF THE DEFENDANT WHO IS ATTEMPTING TO AVOID BEING CAUGHT AND EXPOSED FOR THE CRIMINAL MISUSE OF THESE TECHNOLOGIES ON THE PLAINTIFF, PAST AND PRESENT MEMBERS OF HIS FAMILY, AND THOUSANDS OF OTHERS.

10. THE PURPOSE OF USING ANY DEW ON ANY PERSON IS TO FORCE HIM OR HER TO PERCEIVE SOME FORM OF PAIN, DISCOMFORT, LOSS OF CONCENTRATION, OR OTHER EFFECT OR TO CAUSE/FORCE HIS OR HER BODY (OR PART(S) OF HIS OR HER BODY) TO INVOLUNTARILY OR UNCONSCIOUSLY REACT IN SOME WAY. ALL OF THESE EFFECTS EXERT CONTROL AND INFLUENCE OVER THE PERSON OR PERSON'S BODY WHO IS HIT BY THE EM RADIATION-BASED EMISSIONS FROM ANY DEW.

11. IN MAY 2006, PLAINTIFF CONTACTED MR. LARRY STEWART, A FORMER EMPLOYEE OF THE U.S. SECRET SERVICE. MR. STEWART

12.

WORKED FOR THE DEFENDANT FOR OVER 24 YEARS AND RETIRED
IN 2005 AS THE DEFENDANT'S LABORATORY DIRECTOR AND
CHIEF FORENSIC SCIENTIST. AS A RESULT OF THE PLAINTIFF'S
TELEPHONIC COMMUNICATIONS WITH MR. STEWART, THE PLAINTIFF
WAS ABLE TO CONCLUSIVELY CONFIRM (FROM MR. STEWART) THAT
THE DEFENDANT (PRIMARILY THE PROTECTIVE RESEARCH
DIVISION, AND TO A LESSER EXTENT THE PROTECTIVE OPERATIONS
DIVISION OF THE U.S. SECRET SERVICE) HAS, EXTENSIVELY, FOR
MANY, MANY YEARS, RESEARCHED, TESTED, AND DEPLOYED, IN
VEHICLES (FOR TESTING AND USE IN THE FIELD), DEWs AND OTHER,
RELATED OR SIMILAR TECHNOLOGIES, INCLUDING THE
TECHNOLOGIES DESCRIBED IN PARAGRAPH #6. THE CONTACTS
THE PLAINTIFF HAS HAD WITH MR. STEWART HAVE PRIMARILY BEEN
ACCOMPLISHED VIA LAWFULLY-RECORDED, JAIL-TYPE, MOSTLY
COLLECT OR PRE-PAID CALL ONLY TELEPHONES AND THE PLAINTIFF
HAS OBTAINED CERTIFIED TRANSCRIPTS OF THESE CONVERSATIONS WHICH
ARE ADMISSIBLE EVIDENCE OF THE STATEMENTS MADE IN THIS
PARAGRAPH.

12. A very well-researched book, "The Secret Service: Hidden History of an Enigmatic Agency," by Philip H. Melanson, Ph.D. (2005 Revised & Expanded Edition, Carroll & Graf Publishers), in Chapter 9, "The Sixth Sense," pgs. 226-258, describes (in depth) the historical progression of and reasoning behind the Defendant's research and development of various types of new protective devices and technologies, as well as why directed-energy weapons (DEWs) and related EM technologies are extremely attractive to the publicity-shy Defendant for protective mission purposes (because the directed-energy technologies are: 1. Not typically visibly obtrusive or obviously in use; 2. Extremely difficult to detect or defend against, whether or not they are known to be in use; 3. Extremely effective, including for nonlethal purposes). The book also confirms that the Defendant's interest in energy weapons and related devices and technologies initially occurred during its 1963-1966 post-

14.

PRESIDENT KENNEDY ASSASSINATION INVESTIGATION, AND THAT THE

DEFENDANT HAS SINCE MAINTAINED A CONTINUOUS AND EXTREMELY

STRONG DESIRE TO MAINTAIN STATE-OF-THE-ART PROTECTIVE

METHODS. DIRECTED-ENERGY TECHNOLOGIES REPRESENT THE

ABSOLUTE STATE-OF-THE-ART IN WEAPONRY, ETC. AND PROVIDE

THE UNOBTRUSIVE, HIGHLY-COVERT TYPES OF CAPABILITIES THE

DEFENDANT HAS BEEN CRAVING, SINCE 1963.

13. THE DEFENDANT, THROUGH ITS FOIA/PA OFFICE, HAS UNLAWFULLY

REFUSED OR FAILED TO RESPOND PROPERLY TO THE PLAINTIFF'S

STATUTORILY PERFECTED REQUEST FOR RECORDS, ETC. WITHIN THE

20 WORKING DAY MANDATED TIME LIMIT AND THAT REFUSAL OR

FAILURE TO RESPOND PROPERLY ACTS AS A STATUTORILY DEFINED

EXHAUSTION OF THE PLAINTIFF'S APPLICABLE ADMINISTRATIVE

REMEDIES. SEE 5 U.S.C. §552 (a)(6)(C)(i) AND EXHIBIT "D,"

A TRUE AND CORRECT COPY OF THE DEFENDANT'S INADEQUATE

RESPONSE (SEE MARTINEZ v. FBI, 3 GOVT. DISCLOSURE SERV.

(P-H) ¶ 83,045, AT 83,435 (D.D.C. DEC. 1st, 1982); FOIA

UPDATE, VOL. XIII, No. 3, AT 5).

14. PLAINTIFF HAS A STATUTORY RIGHT TO THE RECORDS, ETC. HE

SEEKS, PLAINTIFF MADE A STATUTORILY PERFECTED FOIA REQUEST,

AND THE DEFENDANT IS ILLEGALLY REFUSING OR FAILING TO

DISCLOSE THOSE RECORDS, ETC. TO THE PLAINTIFF.

WHEREFORE, PLAINTIFF RESPECTFULLY REQUESTS THAT THIS

COURT:

(1) DECLARE THAT DEFENDANT'S REFUSAL OR FAILURE TO DISCLOSE

THE RECORDS, ETC. REQUESTED BY PLAINTIFF IS UNLAWFUL;

(2) ORDER DEFENDANT TO MAKE THE REQUESTED RECORDS, ETC.

AVAILABLE TO PLAINTIFF;

(3) REFER THE MATTERS OF THE DEFENDANT'S CRIMINAL MISCONDUCT

AND DEFENDANT AGENT'S PERJURY TO THE U.S. ATTORNEY'S

OFFICE FOR CRIMINAL PROSECUTION AND TO THE MERIT SYSTEMS

PROTECTION BOARD FOR DISCIPLINARY ACTION;

(4) AWARD THE PLAINTIFF HIS REASONABLE ATTORNEY'S FEES AND

COSTS IN THIS ACTION PURSUANT TO 5 U.S.C. § 552 (a)(4)(E); AND

(5) GRANT SUCH OTHER AND FURTHER RELIEF AS THIS COURT MAY

DEEM JUST AND PROPER.

RESPECTFULLY SUBMITTED,

DATED: JANUARY 22, 2007

MR. DONALD M. FRIEDMAN
PLAINTIFF PRO SE

RECEIVED

FEB - 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

17.

RECEIVED

FEB - 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EXHIBIT "A"

FOIA/PA MANAGER
U.S. SECRET SERVICE
950 H STREET, NW
SUITE 3000
WASHINGTON, DC 20223

DEAR SIR OR MS.:

THIS REQUEST IS MADE PURSUANT TO THE FREEDOM
OF INFORMATION ACT, 5 U.S.C. §552.

PLEASE IMMEDIATELY PROVIDE ME WITH COPIES OF
ANY AND ALL FILES, RECORDS, DOCUMENTS, INFORMATION,
PHOTOS, RESEARCH MATERIALS (INCL. RESULTS), AND
PURCHASING AND ANY OTHER CONTRACT-RELATED
INFORMATION RELATED TO OR REFERRING TO ANY
U.S. SECRET SERVICE DEVELOPMENT OF, ACQUISITION OF,
INSTALLATION OF, DEPLOYMENT OF, TESTING OF, RESEARCH
RELATED TO, AND/OR INVESTIGATION OR EVALUATION OF
THE CAPABILITIES, PROPERTIES, AND/OR EFFECTS OF ANY:

   1) DIRECTED ENERGY WEAPONS OR SYSTEMS (INCL.
      ANY AND ALL PARTS OR COMPONANTS THEREOF);
      AND/OR

1.

2) DIRECTED ENERGY DEVICES OR SYSTEMS
(INCL. ANY AND ALL PARTS OR COMPONANTS
THEREOF); AND/OR

3) ELECTROMAGNETIC RADIATION - EMITTING DEVICES
OR SYSTEMS (INCL. ANY AND ALL PARTS OR
COMPONANTS THEREOF) WHICH ARE CAPABLE
OF CAUSING ANY INJURY OR PERCEPTION OF
PHYSICAL PAIN IN ANY PERSON WHO IS HIT
OR STRUCK BY THE DEVICE'S OR SYSTEM'S
EMISSIONS.

PLEASE SEARCH ALL PROTECTIVE RESEARCH,
PROTECTIVE OPERATIONS, AND PURCHASING RELATED
RECORDS, DOCUMENTS, FILES, INFORMATION, COMPUTER
DATA, ETC., IN ALL RELATED LOCATIONS, LABORATORIES,
AND OFFICES FOR RECORDS, ETC. RESPONSIVE TO THIS
REQUEST.

I AGREE TO PAY UP TO $25.00 FOR FEES RELATED
TO THIS REQUEST.

THANK YOU FOR YOUR PROMPT ATTENTION TO THIS
REQUEST.

SINCERELY,

DONALD FRIEDMAN

CONFIDENTIAL LEGAL CORRESPONDENCE

1125 THIRD STREET

NAPA, CA 94559-3015

3.

EXHIBIT "B"

FOIA/PA MANAGER

U.S. SECRET SERVICE

950 H STREET, NW

SUITE 3000

WASHINGTON, DC 20223


RE: PREVIOUS FOIA REQUEST DATED
     SEPTEMBER 1, 2006


DEAR SIR OR MS.:


THIS LETTER IS TO HELP YOU WITH A PREVIOUS
FOIA REQUEST I MADE, DATED SEPTEMBER 1,
2006. IN THAT REQUEST I ASKED FOR, AMONG
OTHER THINGS, ALL RECORDS, ETC. WHICH RELATE
OR REFER TO "DIRECTED ENERGY WEAPONS AND/OR
SYSTEMS."


I WANTED TO DEFINE "DIRECTED ENERGY WEAPONS
AND/OR SYSTEMS" (TO AVOID ANY miscommunication or MISUNDERSTANDING(S))
AS ANY DEVICE(S) WHICH USE ANY DIRECTED,
BEAMED, OR PULSED EMISSION OF ELECTROMAGNETIC
RADIATION AND/OR ENERGY (WHICH IS COMPRISED OF
ANY SOUND, INFRASOUND, INFRASONIC, LIGHT, INFRARED,
ULTRAVIOLET, HEAT, MILLIMETER-WAVE, OR

1.

MICROWAVE RADIATION AND/OR ENERGY), WHICH IS
CAPABLE OF ANY OF THE FOLLOWING:

1) CAUSING PAIN, INJURY, DISABILITY, DISCOMFORT,
   INCAPACITATION, OR DISORIENTATION; AND/OR

2) INDUCING SLEEP; AND/OR

3) STUNNING; AND/OR

4) CAUSING NAUSEA OR SEIZURE; AND/OR

5) DECREASING SPONTANEOUS ACTIVITY; AND/OR

6) AFFECTING, MODIFYING, INFLUENCING, OR
   CONTROLLING ANY ACTIVITY, BEHAVIOR, OR
   BODILY FUNCTIONS; AND/OR

7) CAUSING ANY OTHER ADVERSE EFFECT ON
   ANY PART OR SYSTEM OF THE HUMAN BODY.

THANK YOU FOR YOUR ASSISTANCE AND YOUR PROMPT
ATTENTION TO THIS MATTER.

SINCERELY,

DONALD FRIEDMAN
CONFIDENTIAL LEGAL CORRESPONDENCE
1125 THIRD STREET
NAPA, CA 94559-3015

2.

EXHIBIT "C"

September 29, 2006

FOIA/PA MANAGER
U.S. SECRET SERVICE
950 H STREET, NW
SUITE 3000
WASHINGTON, DC 20223

Re: PREVIOUS FOIA REQUEST REGARDING DIRECTED
     ENERGY WEAPONS, ETC.

DEAR SIR OR MS.:

THIS LETTER IS TO CLARIFY BUT NOT MODIFY MY
PREVIOUS FOIA REQUEST DATED SEPTEMBER 1, 2006
FOR ANY AND ALL FILES, RECORDS, ETC. RELATED
OR REFERRING TO ANY U.S. SECRET SERVICE
DEVELOPMENT OF, ACQUISITION OF, INSTALLATION OF,
DEPLOYMENT OF, TESTING OF, RESEARCH RELATED
TO, AND/OR INVESTIGATION OR EVALUATION OF THE
CAPABILITIES, PROPERTIES, AND/OR EFFECTS OF ANY
DIRECTED ENERGY WEAPONS OR SYSTEMS, ETC.

IN THE DESCRIPTION OF WHAT I AM REQUESTING,
"DEPLOYMENT OF" INCLUDES "USE OF" ANY DIRECTED
ENERGY WEAPONS OR SYSTEMS, ETC. SINCE ANY USE
OF ANY DIRECTED ENERGY WEAPONS OR DEVICES OR

1.

ANY OF THE OTHER DEVICES DESCRIBED IN MY ORIGINAL REQUEST WOULD ALSO REQUIRE THE DEPLOYMENT OF THOSE DEVICES.

ALSO, I SPECIFICALLY REQUESTED THAT ALL PROTECTIVE RESEARCH, PROTECTIVE OPERATIONS, AND PURCHASING RELATED RECORDS, ETC. IN ALL RELATED LOCATIONS, ETC. BE SEARCHED FOR RECORDS RESPONSIVE TO MY REQUEST. THEREFORE, ALL SPECIAL OR LIMITED ACCESS PROGRAMS, AREAS, LOCATIONS, LABS, ETC. WITHIN PROTECTIVE RESEARCH, ETC. MUST ALSO BE SEARCHED SINCE MOST, IF NOT ALL, OF THE RECORDS BEING REQUESTED ARE PROBABLY CONSIDERED SENSITIVE OR HIGHLY CONFIDENTIAL, AND ARE THEREFORE PROBABLY SPECIAL ACCESS ONLY.

PLEASE ALSO CONSIDER MY ORIGINAL REQUEST UNDER BOTH THE FOIA AND THE PRIVACY ACT.

THANK YOU.

SINCERELY,

DONALD FRIEDMAN
CONFIDENTIAL LEGAL CORRESPONDENCE
1125 THIRD STREET
NAPA, CA 94559-3015

2.

EXHIBIT "D"



**DEPARTMENT OF HOMELAND SECURITY**
UNITED STATES SECRET SERVICE
WASHINGTON, D.C. 20223

Freedom of Information and Privacy Acts Branch
245 Murray Drive
Building 410
Washington, D.C. 20223

Donald Friedman
Confidential Legal Correspondence
1125 Third Street
Napa, CA  94559-3015

OCT   2  2006

File Number:  20060535

Dear Requester:

This letter is intended to acknowledge the receipt of your recent Freedom of Information/Privacy Acts request received by the United States Secret Service on September 18, 2006, for information pertaining to electronic radiation.

A search for files responsive to your request is being conducted.  When the results of the search are known, you will be notified.

Please use the file number indicated above in all future correspondence with this office.

We solicit your cooperation and assure you that the search will be conducted as expeditiously as possible.

Sincerely,

Kathy J. Lyerly
Special Agent In Charge
Freedom of Information &
Privacy Acts Officer

**People vs Donald Max Friedman**
**United States District Court for the District of Columbia**
**Case No.: 06-CV-2125-RWR**

# PROOF OF SERVICE

I, declare that I am employed in the County of Napa, State of California. I am over the age of eighteen. My business address in 1325 Imola Ave. West # 427, Napa, California 94559.

I am a licensed Private Investigator in the state of California, # **PI 19702**.
I am a registered Process Server in the County of Napa, CA Reg. # **S-2802**.

On 06-February-2007, I mailed from Napa, CA: the following documents:

**1) First Amended complaint for Declaratory and Injunctive Relief**
**Under 5 U.S.C. § 552 (FOIA)**

I served the documents by enclosing them in an envelope and depositing the envelope with the United States Postal Service with the postage fully prepaid.

The envelope was addressed and mailed as follows;
Court Clerk
US District Court
333 Constitution Ave., N.W.
Washington, DC 20001

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 06-February-2007

**KENNETH J. GAUDET,**
**Investigator, CDO Investigations**