## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DONALD FRIEDMAN,               )
                               )
    Plaintiff              )
                               )
v.                             )       **Civil Action No. 06-2125 (RWR)**
                               )       **ECF**
U.S. SECRET SERVICE,           )
                               )
    Defendant.             )
_____)

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

The United States Secret Service ("Secret Service"), respectfully moves for summary judgment in this case, which arises under the Freedom of Information Act ("FOIA"). Plaintiff, seeks records pertaining to the development of, acquisition of, installation of, deployment of, testing of, manufacture of directed energy weapons or systems. The Secret Service has released certain records, including some as recently as October 24, 2007, but withheld others pursuant to FOIA exemptions (b)(1), (b)(2), (b)(5), (b)(6), (b)(7)(E) and (F).

*Pro se* Plaintiff will please take note that the assertions contained in the accompanying declarations and other attachments in support of the Secret Service's motion will be accepted by the Court as true unless Plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in the Secret Service's declarations and attachments. *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992); Fed. R. Civ. P. 56(e); and Local Civil Rule 7(h). Local Rules 7(h) and 56.1 specifically require Plaintiff, if opposing this motion, to provide a statement of genuine issues of material fact, with specific references to evidence, for each of the Secret Service's statements of material fact which Plaintiff contests. Failure to respond, with sufficient

evidence, may result in the Court deeming a response waived and the Secret Service's factual

statement admitted. *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d

145, 151 (D.C. Cir. 1996); *Twist v. Meese*, 854 F.2d 1421 (D.C. Cir. 1988); *Heasley v. D.C.

General Hosp.*, 180 F. Supp. 2d 158, 163 (D.D.C. 2002); *Trawick v. Hantman*, 151 F. Supp. 2d

54, 58-59 (D.D.C. 2001).

A supporting memorandum is attached, along with an agency declaration and *Vaughn*

index, and proposed order.

Dated: December 4, 2007

Respectfully submitted

_____/s/_____

JEFFREY A. TAYLOR, D.C. Bar No. 498610
United States Attorney


_____/s/_____

RUDOLPH CONTRERAS, D.C. BAR No. 434122
Assistant United States Attorney


_____/s/_____

KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 514-7157
(202) 514-8780 (facsimile)

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the Secret Services Motion for Summary Judgment and in

Opposition to Plaintiff's Motion to Compel was made by first class, postage prepaid mail this 4th

day of December, 2007 to:

Donald Friedman
1301 Fourth Street
Napa, CA 94559-3015

_____/s/_____
KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 514-7157
(202) 514-8780 (facsimile)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DONALD FRIEDMAN, | ) | |
| Plaintiff | ) | |
| v. | ) | Civil Action No. 06-2125 (RWR) |
| | ) | ECF |
| U.S. SECRET SERVICE, | ) | |
| Defendant. | ) | |

DEFENDANT'S MEMORANDUM IN SUPPORT MOTION FOR SUMMARY
JUDGMENT AND IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

## I.  INTRODUCTION

The United States Secret Service ("Secret Service"), respectfully moves for summary

judgment in this case, which arises under the Freedom of Information Act ("FOIA").  Plaintiff,

seeks records pertaining to the development, acquisition, installation, deployment, testing and

manufacture of directed energy weapons or systems.  The Secret Service has released certain

records, including some as recently as October 24, 2007, but withheld others pursuant to

FOIA/Privacy Act ("PA") exemptions (b)(1), (b)(2), (b)(5), (b)(6), (b)(7)(E) and (F).

Accordingly, because the Secret Service has fully performed its statutory duty and there are no

genuine issues of fact, the Secret Service is entitled to judgment as a matter of law.  Fed R. Civ.

P. 56(c).

## II.  FACTUAL BACKGROUND

Craig W. Ulmer, Special Agent in Charge of the Capitol Hill and Interagency Liaison and

FOIA/PA officer, prepared the Secret Service's declaration ("Ulmer Decl.") summarizing

Plaintiff's FOIA request and the Secret Service's processing of same.[1] *Ex.* A. By letter dated September 18, 2006, received by the Secret Service on September 18, 2006, Plaintiff requested "any and all files, records, documents, information, photo, research materials... purchasing and any other contract-related information related to or referring to...directed energy weapons or systems...."[2] Ulmer Decl. at ¶5, *Ex.* A. By February 16, 2007, Plaintiff had modified his request and satisfied the requirements of a processable FOIA request, which was then processed for responsive documents. *Id.* at ¶¶6-16, Exs. B-G.

---

[1]    Department of Homeland Security Regulations, 6 C.F.R. §5.4, which apply to the Secret Service, vest authority to make initial determinations as to whether to grant FOIA/PA requests to Mr. Ulmer.

[2]    On or about June 16, 2000, Plaintiff, a prolific FOIA filer, commenced what appeared to be a FOIA action and an injunction against the Secret Service from using secret microwave technology to transmit sounds and words into his brain to hypnotize him thereby causing him to perform involuntary acts and erase his memory. The Northern District of California dismissed that action as "frivolous as a matter of law." *Ex.* B, Order Dismissing Case. On February 9, 2001, Plaintiff commenced a FOIA action against the Secret Service seeking to compel it to produce documents related to his claims in the action that was dismissed. Again, the court dismissed Plaintiff's complaint on res judicata grounds and, with regard to Plaintiff's request for each and every civil and criminal suit against the Secret Service, on the grounds that the Secret Service has complied with Plaintiff's unreasonable request. *Ex.* C, Order Dismissing Case. On January 31, 2006, Plaintiff commenced a FOIA action in this District against the U.S. Non-Lethal Weapons Directorate and the U.S. Marine Corp seeking information about the Active Denial System and Active Denial Technology. After defendants filed their Motion for Summary Judgment, Plaintiff voluntarily dismissed his complaint.

Plaintiff also attempted to gather this information by violent means. On January 30, 2003, Plaintiff entered an FBI field Office and threatened to "torture" an agent until he got "records that the U.S. Secret Service has related to [him]." *United States v. Friedman*, 366 F.3d 975, 976-77 (9th Cir. 2004). Plaintiff believed that Secret Service agents had arranged to have him molested when he was 13 years old and fired an electromagnetic radiation weapon at him. *Id.* As a result of his actions, Plaintiff was charged with threatening to harm a federal officer. *Id.* at 977. Ultimately, the District Court found Plaintiff incompetent to stand trial because he suffered from paranoid schizophrenia that prevented him from assisting counsel in his defense. The Ninth Circuit affirmed. *Id.* at 980-81.

The Secret Service's FOIA Office determined that five of its units would possess documents relevant to Plaintiff's request. *Id.* at ¶14. These units searched for responsive records on the Secret Service's Master Central Index ("MCI").[3] In addition, the Uniformed, Investigative Support and Intelligence Division searched paper records and a local electronic database but found nothing responsive. *Id.* at ¶16. The Technical Services search of its own papers and local electronic database yielded responsive documents that have been already provided to Plaintiff. *Id.* at ¶17. Under cover letters dated July 23, October 11, and October 24, 2007, the Secret Service produced responsive documents to Plaintiff. *Id.* at ¶17; 30; and 31, *Exs.* H, U and V.

These cover letters also informed Plaintiff that documents had been withheld pursuant to FOIA/PA exemptions. *Id.* Plaintiff was also informed that, pursuant to agency regulations, responsive documents that had been originated by other agencies were forwarded to those agencies to facilitate direct responses to Plaintiff's FOIA request, *id.* at ¶¶18-29, *Exs* I-T, and that 454 pages of material were being withheld in their entirety. Id. ¶¶32-50.

## III.  LEGAL STANDARDS

### A.    Standard for Summary Judgment

Where no genuine dispute exists as to any material fact, summary judgment is required. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A genuine issue of material fact is one that would change the outcome of the litigation. *Id.* at 247. "The burden on the moving party may be discharged by 'showing' -- that is, pointing out to the [Court] -- that there is an absence of

---

[3]    The MCI is a central repository of Secret Service information with records indexed by name or other personal identifiers. Ulmer Decl. at ¶15.

3

evidence to support the non-moving party's case." *Sweats Fashions, Inc. v. Pannill Knitting Co., Inc.*, 833 F.2d 1560, 1563 (Fed. Cir. 1987).

Once the moving party has met its burden, the non-movant may not rest on mere allegations, but must instead proffer specific facts showing that a genuine issue exists for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Thus, to avoid summary judgment, the Plaintiff must present some objective evidence that would enable the court to find he is entitled to relief. In *Celotex Corp. v. Catrett*, the Supreme Court held that, in responding to a proper motion for summary judgment, the party who bears the burden of proof on an issue at trial must "make a sufficient showing on an essential element of [his] case" to establish a genuine dispute. 477 U.S. 317, 322-23 (1986).

In *Anderson*, the Supreme Court explained under what circumstances summary judgment is appropriate:

> If the evidence is merely colorable, . . . or is not significantly probative, . . . summary judgment may be granted . . . [T]he mere existence of a scintilla of evidence in support of the Plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the Plaintiff.

*Anderson*, 477 U.S. at 252; *see also Laningham v. Navy*, 813 F.2d 1236, 1242 (D.C. Cir. 1987) (the non-moving party is "required to provide evidence that would permit a reasonable jury to find" in its favor). In *Celotex*, the Supreme Court further instructed that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

4

The summary judgment standards set forth above also apply to FOIA cases, which are typically decided on motions for summary judgment.[1] *See Cappabianca v. Commissioner, U.S. Customs Serv.*, 847 F. Supp. 1558, 1562 (M.D. Fla. 1994) ("once documents in issue are properly identified, FOIA cases should be handled on motions for summary judgment") *(citing Miscavige v. IRS,* 2 F.3d 366, 368 (11th Cir. 1993)). In a FOIA suit, an agency is entitled to summary judgment once it demonstrates that no material facts are in dispute and that each document that falls within the class requested either has been produced, not withheld, is unidentifiable, or is exempt from disclosure. *Students Against Genocide v. Dep't of State*, 257 F.3d 828, 833 (D.C. Cir. 2001); *Weisberg v. U.S. Dep't of Justice*, 627 F.2d 365, 368 (D.C. Cir. 1980).

An agency satisfies the summary judgment requirements in a FOIA case by providing the Court and the Plaintiff with affidavits or declarations and other evidence which show that the documents are exempt from disclosure. *Hayden v. Nat. Sec. Agency Cent. Sec. Serv.*, 608 F.2d 1381, 1384, 1386 (D.C. Cir. 1979), *cert. denied*, 446 U.S. 937 (1980); *Church of Scientology v. U.S. Dep't of Army*, 611 F.2d 738, 742 (9th Cir. 1980). Summary judgment may be awarded to an agency in a FOIA case solely on the basis of agency affidavits [or declarations] "when the affidavits describe 'the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'" *Trans Union LLC v. Federal Trade Comm'n*, 141 F. Supp. 2d 62, 67 (D.D.C. 2001) *(quoting Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981)); *see also*

---

[1] For purposes of summary judgment, an agency's decision to withhold information from a FOIA requester is subject to *de novo* review by the courts. *Hayden v. National Security Agency Cent. Sec. Serv.*, 608 F.2d 1381, 1384 (D.C. Cir. 1979), *cert. denied*, 446 U.S. 937 (1980).

*Public Citizen, Inc. v. Dep't of State*, 100 F. Supp. 2d 10, 16 (D.D.C. 2000); *McGhee v. Central Intelligence Agency*, 697 F.2d 1095, 1102 (D.C. Cir. 1983); *Citizens Commission on Human Rights v. FDA*, 45 F.3d 1325, 1329 (9th Cir. 1995); *Bowen v. FDA*, 925 F.2d 1224, 1227 (9th Cir. 1991). When the pleadings, supplemented by affidavits or declarations, show no genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law, summary judgment should be granted to the defendant. *Perry v. Block*, 684 F.2d 121 (D.C. Cir. 1982).

**B.     Standards Governing the Search for Responsive Records**

In responding to a FOIA request, an agency is under a duty to conduct a reasonable search for responsive records. *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *Cleary, Gottlieb, Steen & Hamilton v. Dep't of Health,*, 844 F. Supp. 770, 776 (D.D.C. 1993); *Weisberg, supra*, 705 F.2d at1352 (D.C. Cir. 1983). This "reasonableness" standard focuses on the method of the search, not its results, so that a search is not unreasonable simply because it fails to produce relevant material. *Cleary* 844 F. Supp. at 777 n.4. An agency is not required to search every record system, but need only search those systems in which it believes responsive records are likely to be located. *Oglesby*, 920 F.2d at 68. Simply stated, the adequacy of the search is "dependent upon the circumstances of the case." *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990).

The search standards under FOIA do not place upon the agency a requirement that it prove that all responsive documents have been located. *Nation Magazine v. U.S. Customs Serv.*, 71 F.3d 885, 892 n.7 (D.C. Cir. 1995). It has been held that "'the search need only be reasonable; it does not have to be exhaustive.'" *Miller v. Dep't of State*, 779 F.2d 1378, 1383 (8th Cir. 1985), citing *National Cable Television Ass'n v. FCC*, 479 F.2d 183, 186 (D.C. Cir.

6

1973). Even when a requested document indisputably exists or once existed, summary judgment will not be defeated by an unsuccessful search for the document so long as the search was diligent. *Nation Magazine*, 71 F.3d at 892 n.7. Additionally, the mere fact that a document once existed does not mean that it now exists; nor does the fact that an agency created a document necessarily imply that the agency has retained it. *Maynard v. CIA*, 982 F.2d 546, 564 (1st Cir. 1993).

The burden rests with the agency to establish that it has "made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby*, 920 F.2d at 68; *see SafeCard Servs., supra*, 926 F.2d at 1201 (D.C. Cir. 1991). "An agency may prove the reasonableness of its search through affidavits of responsible agency officials so long as the affidavits are relatively detailed, non-conclusory and submitted in good faith." *Miller*, 779 F.2d at 1383; *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978). Though the "affidavits submitted by an agency are 'accorded a presumption of good faith,'" *Carney v. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994), *cert. denied*, 513 U.S. 823 (1994) (*quoting SafeCard Servs.*, 926 F.2d at 1200), the burden rests with the agency to demonstrate the adequacy of its search. Once the agency has met this burden through a show of convincing evidence, the burden shifts to the requester to rebut the evidence by a showing of bad faith on the part of the agency. *Miller*, 779 F.2d at 1383. A requester may not rebut agency affidavits with purely speculative allegations. *See Carney*, 19 F.3d at 813; *SafeCard*, 926 F.2d at 1200; *Maynard*, 986 F.2d at 559-560.

The fundamental question is not "whether there might exist any other documents responsive to the request, but rather whether the search for those documents was adequate."

7

*Steinberg v. Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994) (*quoting Weisberg v. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).

### C.   Standards for A Proper *Vaughn* Index

In moving for summary judgment in a FOIA case, agencies must establish a proper basis for their withholding of responsive documents. "In response to this special aspect of summary judgment in the FOIA context, agencies regularly submit affidavits . . . in support of their motions for summary judgment against FOIA Plaintiffs." *Judicial Watch v. U.S. Dep't of Health & Human Servs*, 27 F. Supp. 2d 240, 242 (D.D.C. 1998). These declarations or affidavits (singly or collectively) are often referred to as a *Vaughn* index, after the case of *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977, 94 S. C. 1564 (1974). There is no set formula for a *Vaughn* index. "[I]t is well established that the critical elements of the *Vaughn* index lie in its function, and not in its form." *Kay v. FCC*, 976 F. Supp. 23, 35 (D.D.C. 1997). "The materials provided by the agency may take any form so long as they give the reviewing court a reasonable basis to evaluate the claim of privilege." *Delaney, Midgail & Young, Chartered v. IRS*, 826 F.2d 124, 128 (D.C. Cir. 1987). *See also Keys v. U.S. Dep't of Justice*, 830 F.2d 337, 349 (D.C. Cir. 1987); *Hinton v. Dep't of Justice*, 844 F.2d 126, 129 (3d Cir. 1988).[2]

The *Vaughn* Index serves a threefold purpose: (1) it identifies each document withheld;

---

[2] "All that is required, and that is the least that is required, is that the requester and the trial judge be able to derive from the index a clear explanation of why each document or portion of a document withheld is putatively exempt from disclosure." *Id.* "The degree of specificity of itemization, justification, and correlation required in a particular case will, however, depend on the nature of the document at issue and the particular exemption asserted." *Information Acquisition Corp. v. Dep't of Justice*, 444 F. Supp. 458, 462 (D.D.C. 1978).

(2) it states the statutory exemption claimed; and (3) it explains how disclosure would damage the interests protected by the claimed exemption. *Citizens Commission on Human Rights v. FDA*, 45 F.3d 1325, 1326 (9th Cir. 1995). "Of course the explanation of the exemption claim and the descriptions of withheld material need not be so detailed as to reveal that which the agency wishes to conceal, but they must be sufficiently specific to permit a reasoned judgment as to whether the material is actually exempt under FOIA." *Founding Church of Scientology v. Bell*, 603 F.2d 945, 949 (D.C. Cir. 1979).

**D.    Legal Standards for Applicable Exemptions to Release under FOIA**

Exemption (b)(1)

FOIA Exemption 1 applies to matters "specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy" and "are in fact properly classified pursuant to such Executive order." 5 U.S.C. § 552(b)(1). The benchmark for determining whether an agency has properly relied on exemption 1 is set forth in this Court's decision in *Halperin v. CIA*, 629 F.2d 144 (D.C. Cir. 1980). Summary judgment for the agency is appropriate if its declarations are reasonably specific and are not called into question by contradictory evidence or evidence of bad faith. *Id.* at 148. Ultimately, it is the agency withholding information pursuant to exemption 1, not the FOIA requester, which bears the responsibility for determining whether harm to national security may occur, so the Court should accord substantial weight to the agency's expert judgment. *See id.* at 147-48.

Exemption 1 of the FOIA allows for the withholding of material which are:

> (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and
> (B) are in fact properly classified pursuant to such Executive order

9

. . . .5 U.S.C. § 552(b)(1). The executive order in effect at the time the classification decisions were made in this case was Executive Order ("EO") 12958, as amended, 68 Fed. Reg. 15,315 (March 28, 2003), reprinted in 50 U.S.C.A. § 435 note (West Supp. 2003) and summarized in FOIA Post (posted April 11 2003). Ulmer Decl. ¶ 37.

For information to be properly classified and thus to be properly withheld from disclosure pursuant to Exemption 1, the information must meet the requirements set forth in E.O. 12958, § 1.2:

> (1) an original classification authority is classifying the information;
> (2) the information is owned by, produced by or for, or is under the control of the United States Government;
> (3) the information falls within one or more of the categories of information in § 1.5; and
> (4) the original classification authority determines that the unauthorized disclosure of the information reasonably could be expected to result in damage to the national security and the original classification authority is able to identify or describe the damage.

In addition to the substantive requirements of E.O. 12958, certain procedural and administrative requirements of E.O. 12958 must be followed before information can be considered to be properly classified, including proper identification and marking of documents. These requirements are:

> (a) each document was marked as required and stamped with the proper classification designation;[3]
> (b) each document was marked to indicate clearly which portions are classified, which portions are exempt from declassification as set forth in E.O. 12958 § 1.6(d), and which portions are unclassified;[4]

---

[3] E.O. 12958 §§ 1.7(a)(1)-(5).

[4] E.O. 12958 § 1.7(a)(5)(c).

10

(c) the prohibitions and limitations on classification specified in
E.O. 12958 § 1.8, were adhered to;
(d) the declassification policies set forth in E.O. 12958 §§ 3.2
were followed; and
(e) any reasonably segregable portion of these classified
documents that did not meet the standards for classification under
E.O. 12958 were declassified and marked for release, unless
withholding was otherwise warranted under applicable law.

In determining whether an agency has fully discharged its obligations under FOIA, a

district court reviews an agency's determinations *de novo.* 5 U.S.C. § 552(a)(4)(B); *Steinberg v.*

*U.S. Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994). In reviewing classification

determinations under Exemption 1, however, this Court repeatedly has stressed that "substantial

weight" must be accorded agency affidavits concerning the classified status of the records at

issue. *See, e.g., Krikorian v. Dep't of State*, 984 F.2d 461, 464 (D.C. Cir. 1993); *Military Audit*

*Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). According to this Circuit's jurisprudence,

"Judges . . . lack the necessary expertise to second-guess such national security opinions in the

typical national security case." *Halperin, supra*, 629 F.2d at 148. Clear precedent has

established that courts are reluctant to substitute their own judgment in place of the agency's in

the areas of national defense and foreign relations. *See Miller*, 779 F.2d at 1387; *see also*

*McDonnell v. United States*, 4 F.2d 1227, 1242-44 (3d Cir. 1993); *Maynard, supra*, 986 F.2d at

556 n.9; *Bowers v. United States Dep't of Justice*, 930 F.2d 350, 357 (4th Cir. 1991); *Doherty v.*

*United States Dep't of Justice*, 775 F.2d 49, 52 (2d Cir. 1985). "[C]ourts must 'recognize that

the Executive departments responsible for national defense and foreign policy matters have

unique insights into what adverse affects [sic] might occur as a result of public disclosure of a

particular classified record.'" *Salisbury v. United States*, 690 F.2d 966, 970 (D. C. Cir. 1982)

(quoting S. Conf. Rep. No. 1200, 93rd Cong., 2d Sess. 12 (1974)). Thus, the D.C. Circuit has

11

held that courts must give "substantial weight" and "utmost deference," while conducting a de novo review of agency determinations, that information requested under FOIA is classified and barred from disclosure. *Id.* at 970 ("[C]ourts are to 'accord substantial weight to an agency's affidavit concerning the details of the classified status of the disputed record.'").

To prevail at summary judgment, the agency must demonstrate that 1) the agency followed proper classification procedures and 2) that, by its description, the document logically falls within the claimed exemption. *Salisbury*, 690 F.2d at 970-72; *Military Audit Project*, 656 F.2d at 737; *Hayden*, 608 F.2d 1381, 1387 (D.C. Cir. 1979), *cert. denied*, 446 U.S. 937 (1980). Once this burden is met, courts must "not ... conduct a detailed inquiry to decide whether [they] agree[] with the agency's opinions." *Halperin*, 629 F.2d at 148. If the agency's affidavits describe the withheld information and the justification for withholding with "reasonable specificity, demonstrating a logical connection between the information and the claimed exemption," and "if the affidavits evidence neither bad faith on the part of the agency nor a conflict with the rest of the record," the agency is entitled to summary judgment. *Id.* at 147-48; see also *Military Audit Project*, 656 F.2d at 738; *Allen v. CIA*, 636 F.2d 1287, 1291 (D.C. Cir.1980); *Lesar v. United States Dep't of Justice*, 636 F.2d 472, 481 (D.C. Cir. 1980).

Perhaps no withholding exemplifies the purpose of this exemption than a disclosure that could endanger the lives of the President and Vice President. The Secret Service is a protective law enforcement and security agency operating under the provisions of 18 U.S.C. §3056. Ulmer Decl. at ¶43. It is responsible for the protection of various individuals, including the President and the Vice President. *Id.* The information being withheld under (b)(1) consists of four reports totaling 270 pages that outline security measures in place at the White House and

12

countermeasures against attacks on the White House. *Id.* at ¶36. Secret Service officials have reviewed these documents again recently and have determined that they continue to be classified under Executive Order 12948. The Secret Service has satisfied the requirements to withhold these records under this provision and should be granted summary judgment accordingly.

Exemption (b)(5)

Exemption 5 protects this material because it exempts from disclosure both inter- and intra-agency communications which would not be available by law to a party other than an agency in litigation with the particular agency. 5 U.S.C. § 552(b)(5). In other words, Exemption 5 allows agencies to withhold documents which would normally be privileged in the context of civil discovery. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149 (1975); *Martin v. Office of Special Counsel*, 819 F.2d 1181, 1184-85 (D.C. Cir. 1987) (making clear that all civil discovery privileges apply through Exemption 5).

The deliberative process privilege is for the purpose of protecting the "quality of agency decisions." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 151 (1975). The policy underlying this privilege is to encourage open, frank discussions of policy matters between subordinates and supervisors, to protect against premature disclosure of proposed policies before they become final, and to protect against public confusion by disclosing reasons and rationales that were not in fact the ultimate grounds for the agency's action. *Mink v. EPA*, 410 U.S. 73, 87 (1973) (privilege designed to promote "frank discussion of legal and policy matters") (*quoting* S.Rep. No. 813, 89th Cong., 1st Sess. 9 (1965); *id.* at 89); *Russell v. Dep't of the Air Force*, 682 F.2d 1045, 1048 (D.C. Cir. 1982); *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980); *Jordan v. United States Dep't of Justice*, 591 F.2d 753, 772-73 (D.C. Cir. 1978) (en banc),

13

overruled in part on other grounds, *Crooker v. Bureau of Alcohol, Tobacco & Firearms*, 670 F.2d 1051 (D.C. Cir.1981) (en banc).

This privilege protects documents that are both pre-decisional and deliberative, including "recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980). Indeed, the mere status of an agency decision within an agency decision making process may be protectible if the release of that information would have the effect of prematurely disclosing "the recommended outcome of the consultative process...as well as the source of any decision." *Wolfe v. HHS*, 839 F.2d 768, 775 (D.C. Cir. 1988) (en banc).

Under (b)(5), the Secret Service withheld a two-page document regarding the opinion of a technical services employee regarding the current state of development of acoustical weaponry. Ulmer Decl. ¶39. This report contains pre-decisional opinions of a technical Secret Service employee, the disclosure of which could adversely affect the free-flow of candid discussions between decision-makers. Such an outcome could adversely affect the Secret Service's duties to protect individuals, including the President and Vice President. Therefore, the Court should approve the Secret Service's withholdings under Exemption 5.

Exemption (b)(2) and (b)(7)(E)

Exemption 2 under FOIA exempts from mandatory disclosure records that are "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2). Not long after FOIA was passed, the Supreme Court declared that Exemption 2 was intended to relieve agencies of the burden of assembling and providing access to any "matter in which the public

could not reasonably be expected to have an interest" and matters of public interest "where disclosure may risk circumvention of agency regulation." *Department of Air Force v. Rose*, 425 U.S. 352, 369-70 (1976).  Subsequently, courts have approved two general categories of withholdings under Exemption 2: (1) internal matters of a relatively trivial nature (sometimes referred to as "low-2"); and (2) more substantial internal matters for which disclosure would risk circumvention of a legal requirement (sometimes called "high-2").  *Schiller v. NLRB*, 964 F.2d 1205, 1207 (D.C. Cir. 1992); *see Crooker v. ATF*, 670 F.2d 1051 (D.C. Cir. 1981) (en banc) (setting forth a two part test for high-2 material).

Exemption 7(E) of the FOIA provides protection for all information compiled for law enforcement purposes when release "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law."[5]  5 U.S.C. § 552(b)(7)(E).  The first clause of Exemption 7(E) affords "categorical" protection for "techniques and procedures" used in law enforcement investigations or prosecutions.  *Smith v. Bureau of Alcohol, Tobacco and Firearms*, 977 F. Supp. 496, 501 (D.D.C. 1997), *citing Fisher v. United States Dep't of Justice*, 772 F. Supp. 7, 12 n. 9 (D.D.C. 1991), aff'd, 968 F.2d 92 (D.C. Cir. 1992).  While Exemption 7(E)'s protection is generally limited to techniques or procedures that are not well known to the public, even commonly known procedures may be protected from disclosure if the disclosure could reduce or nullify their effectiveness.  *See, e.g., Coleman v. FBI*, 13 F. Supp. 2d 75, 83 (D.D.C. 1998) (applying 7(E) to

---

[5]    The Secret Service compiled this information for law enforcement purposes. Ulmer Decl. ¶43.

15

behavioral science analysis and details of polygraph examination); *Butler v. Treasury*, 1997 WL 138720 at *4 (D.D.C. 1997) (applying 7(E) to types of monitoring and type of equipment used in surveillance); *Perrone v. FBI*, 908 F. Supp. 24, 28 (D.D.C. 1995) (applying 7(E) to type of polygraph test, type of machine used, polygraph questions and sequence).  In justifying the application of Exemption 7(E) the agency may describe the general nature of the technique while withholding the full details. *See e.g. Bowen v. FDA*, 925 F.2d 1225, 1228 (9th Cir. 1991).  The agency is not, however, required to describe secret law enforcement techniques, even in general terms, if the description would disclose the very information sought to be withheld. *Coleman*, 13 F. Supp. 2d at 83; *Smith*, 977 F. Supp. at 501; *Butler*, 1997 WL 138720 at *4.

Exemption 7(E)'s second clause separately protects "guidelines for law enforcement investigations or prosecutions if [their] disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E).  Accordingly, this clause of the Exemption protects any "law enforcement guideline" that pertains to the prosecution or investigative stage of a law enforcement matter whenever its disclosure "could reasonably be expected to risk circumvention of the law." *See, e.g., PHE, Inc. v. United States Dep't of Justice*, 983 F.2d 248, 251 (D.C. Cir. 1993) ("release of FBI guidelines as to what sources of information are available to its agents might encourage violators to tamper with those sources of information and thus inhibit investigative efforts"); *Jimenez v. FBI*, 938 F. Supp. 21, 30 (D.D.C. 1996) (applying Exemption 7(E) to gang-validation criteria used by Bureau of Prisons to determine whether individual is gang member).

Invoking both of these provisions, the Secret Service also withheld strictly internal e-mail addresses of Secret Service employees. Ulmer Decl. ¶45.  This is an appropriate withholding

16

under (b)(2) and (7)(E) because the disclosure of this information could enable hackers to break

into federal databases. *Id.* The Secret Service also withheld information on security systems

used by the Secret Service to protect the President and the Vice President the disclosure of which

would reveal "techniques and procedures for law enforcement investigations...or would disclose

guidelines for law enforcement investigations....." Id. at ¶¶44-46.

Exemption (b)(6) and (b)(7)(C)

Exemption 6 protects "personnel and medical files and similar files the disclosure of

which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. §

552(b)(6). "The Supreme Court has interpreted the phrase 'similar files' to include *all

information* that applies to a particular individual." *Lepelletier v. FDIC*, 164 F.3d 37, 46 (D.C.

Cir. 1999), (emphasis supplied), quoting *Department of State v. Washington Post Co.*, 456 U.S.

595, 602 (1982). The Court has also emphasized that "both the common law and the literal

understanding of privacy encompass the individual's control of information concerning his or her

person." *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 763

(1989).

In order to determine whether there would be a "clearly unwarranted invasion of personal

privacy," the court must balance the interests of protecting "an individual's private affairs from

unnecessary public scrutiny," and "the public's right to governmental information." *Lepelletier*,

164 F.3d at 46 (interior quotation marks omitted), citing *United States Dep't of Defense Dep't of

Military Affairs v. FLRA*, 964 F.2d 26, 29 (D.C. Cir. 1992), quoting *Dep't of Air Force v. Rose*,

425 U.S. 352, 372 (1976). In determining how to balance the private and public interests

involved, the Supreme Court has sharply limited the notion of "public interest" under the FOIA:

17

"[T]he *only* relevant public interest in the FOIA balancing analysis [is] the extent to which disclosure of the information sought would 'she[d] light on an agency's performance of its statutory duties' or otherwise let citizens know 'what their government is up to.'" *Lepelletier*, 164 F.3d at 46 (editing by the court, emphasis supplied, interior quotation marks omitted), quoting *United States Dep't of Defense v. FLRA*, 510 U.S. 487, 497 (1994). *See also Reporters Comm.*, 489 U.S. at 773. Information that does not directly reveal the operation or activities of the federal government "falls outside the ambit of the public interest that the FOIA was enacted to serve." *Id.* at 775. Further, "something, even a modest privacy interest, outweighs nothing every time." *Nat. Ass'n of Ret. Fed. Empl. v. Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989); *but see Lepelletier*, 164 F.3d at 48 (in extraordinary circumstance where the individuals whose privacy the government seeks to protect have a "clear interest" in release of the requested information, the balancing under Exemption 6 must include consideration of that interest).

Exemption 7(C) of the FOIA exempts from mandatory disclosure information compiled for law enforcement purposes when disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). Secret Service records are compiled for law enforcement purposes. Ulmer Decl. ¶ 43 (discussing the Secret Service's law enforcement mission). When a criminal law enforcement agency invokes Exemption 7, it "warrants greater deference than do like claims by other agencies." *Keys v. U.S. Dep't of Justice*, 830 F.2d 337, 340 (D.C. Cir. 1987), citing *Pratt*, 673 F.2d at 418. A criminal law enforcement agency must simply show that "the nexus between the agency's activity . . . and its law enforcement duties" is "'based on information sufficient to support at least "a colorable claim" of its rationality.'" *Keys*, 830 F.2d at 340, quoting *Pratt*, 673 F.2d at 421.

18

Once the agency has demonstrated that the records were compiled for law enforcement purposes, the Court must next consider whether the release of information withheld "could reasonably be expected to constitute an unwarranted invasion of personal privacy." This determination necessitates a balancing of the individual's right to privacy against the public's right of access to information in government files. *See, e.g., U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 776-80 (1989).

The Supreme Court has made clear that "whether disclosure of a private document under Exemption 7(C) is warranted must turn on the nature of the requested document and its relationship to 'the basic purpose of the Freedom of Information Act to open agency action to the light of public scrutiny,' *Dep't of Air Force v. Rose*, [425 U.S. 352, 372 (1976)], rather than on the particular purpose for which the document is being requested." *Reporter's Committee*, 489 U.S. at 772 (internal quotation marks omitted). Information that does not directly reveal the operations or activities of the government "falls outside the ambit of the public interest that the FOIA was enacted to serve." *Id.* at 775. That public interest is to "shed[] light on an agency's performance of its statutory duties." *Id.* at 772. The plaintiff bears the burden of establishing that the "public interest in disclosure is both significant and compelling in order to overcome legitimate privacy interests." *Perrone v. FBI*, 908 F. Supp. 24, 26 (D.D.C. 1995), citing *Senate of Puerto Rico v. Department of Justice*, 823 F.2d 574, 588 (D.C. Cir. 1987).

Significantly, it is the "interest of the general public and not that of the private litigant" that matters. *Brown v. FBI*, 658 F.2d 71, 75 (2d Cir.1981). "[T]he only public interest relevant for purposes of Exemption 7(C) is one that focuses on 'the citizens' right to be informed about what their government is up to.'" *Davis v. Department of Justice*, 968 F.2d 1276, 1282 (D.C.

19

Cir.1992) (quoting *Reporters Committee*, 489 U.S. at 773) (internal quotation marks omitted).

Further, courts have explicitly recognized that the privacy interests of third parties mentioned in

law enforcement files are "substantial," while "[t]he public interest in disclosure [of third-party

identities] is not just less substantial, it is insubstantial." *SafeCard Serv., supra*, 926 F.2d at

1205. Our court of appeals has held "categorically" that "unless access to names and addresses of

private individuals appearing in files within the ambit of Exemption 7(C) is necessary in order to

confirm or refute compelling evidence that the agency is engaged in illegal activity, such

information is exempt from disclosure." *SafeCard Services*, 926 F.2d at 1206.

Exemption 7(C) consistently has been held to protect the identities of suspects and other

persons of investigatory interest who are identified in agency records in connection with law

enforcement investigations. *Reporters Committee*, 489 U.S. at, 780); *Computer Prof. for Social

Responsibility v. U.S. Secret Service*, 72 F.3d 897, 904 (D.C. Cir. 1996) (noting "'strong interest

of individuals, whether they be suspects, witnesses, or investigators, in not being associated

unwarrantedly with alleged criminal activity,'" quoting *Dunkelberger v. Dep't of Justice*, 906

F.2d 779, 781 (D.C. Cir. 1990)). Indeed, an agency may categorically assert Exemption 7(C) to

protect the identities of witnesses or other persons mentioned in law enforcement files in such a

way as to associate them with criminal activity. *Reporters Committee*, 489 U.S. at 780; *Nation

Magazine v. U.S. Customs Serv.*, 71 F.3d 885, 893, 895-96 (D.C. Cir. 1995); *SafeCard Services*,

926 F.2d at 1206.

Likewise, the names of law enforcement officers who work on criminal investigations

have traditionally been protected against release by Exemption 7(C). <u>Davis</u>, 968 F.2d at 1281;

*Lesar v. U.S. Dep't of Justice*, 636 F.2d 472, 487-88 (D.C. Cir. 1980). Similarly, individuals

20

who provide information to law enforcement authorities, like the law enforcement personnel themselves, have protectable privacy interests in their anonymity. *Computer Prof. for Social Responsibility*, 72 F.3d at 904; *Farese v. U.S. Department of Justice*, 683 F. Supp. 273, 275 (D.D.C. 1987). The *Vaughn* index provided reflects clearly that the Secret Service applied Exemption 7(C) appropriately in this case to protect names and individual's personal information. Ulmer Decl. ¶¶ 42-43.

The Secret Service invoked Exemption 6 in conjunction with Exemption 7(C), which is addressed below, to protect names and other identifying information of persons employed by entities outside of the Secret Service who provide security advice and information on potential security threats and security equipment to the Secret Service to perform its statutory duties. Ulmer Decl. ¶48. In arriving at the decision to withhold, the Secret Service weighed the interest of the general public to know against the privacy rights of third parties and the latter carried the day. Id. at ¶49. If disclosed, this information could put these individuals at personal risk or peril due to their connection with the Secret Service and other government entities. *Id.* at ¶¶49-50. Those who are seeking to harm a Secret Service protectee like the President or Vice-President could use the disclosure of this information to achieve that objective. *Id.*

<u>Exemption (b)(7)(F)</u>

In conjunction with its treatment of the responsive documents under Exemption 7(C), the Secret Service also applied Exemption 7(F). Ulmer Decl. ¶¶ 51-52. Exemption 7(F) allows agencies to withhold individuals' identifying information when disclosure "could reasonably be expected to endanger the life or physical safety of any individual. 5 U.S.C. § 552(b)(7)(F). This exemption does not require a balancing test. *Id.* at ¶52. This is an exemption that the Secret

Service will naturally claim as its purpose is to protect the "life and physical safety" of the President and Vice President. Clearly, amongst many others, the Secret Service claims this withholding to enable and enhance their ability to carry out its statutory obligation to protect certain individuals. *Id.*

### E.    Segregability

In this Circuit, a District Court considering a FOIA action has "an affirmative duty to consider the segregability issue *sua sponte.*" *Trans-Pacific Policing Agreement v. United States Customs Service*, 177 F.3d 1022, 1028 (D.C. Cir. 1999). The FOIA requires that, if a record contains information that is exempt from disclosure, any "reasonably segregable" information must be disclosed after deletion of the exempt information unless the non-exempt portions are "inextricably intertwined with exempt portions." 5 U.S.C. § 552(b); *Mead Data Cent., Inc. v. United States Dep't of the Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977).

In order to demonstrate that all reasonably segregable material has been released, the agency must provide a "detailed justification" rather than "conclusory statements." *Mead Data*, 566 F.2d at 261. The agency is not, however, required "to provide such a detailed justification" that the exempt material would effectively be disclosed. *Id.* All that is required is that the government show "with 'reasonable specificity'" why a document cannot be further segregated. *Armstrong v. Executive Office of the President*, 97 F.3d 575, 578-79 (D.C. Cir. 1996). Moreover, the agency is not required to "commit significant time and resources to the separation of disjointed words, phrases, or even sentences which taken separately or together have minimal or no information content." *Mead Data*, 566 F.2d at 261, n.55., 479 F.2d 183, 186 (D.C. Cir. 1973).

The only records withheld by the Secret Service are exempt. In other words, no information can be segregated from the documents withheld. Ulmer Decl. ¶53. Some of the records were determined to be beyond the scope of Plaintiff's request and therefore only a smaller amount of information was released.

### F.    Plaintiff's Motion to Compel Should be Denied as Moot

On July 23, 2007, the Secret Service provided copies of records responsive to Plaintiff's request. *Id.* at ¶19. Subsequently, on August 27, 2007, Plaintiff filed a Motion to Compel production of the records he seeks. *Docket Entry* 27. Since then, the Secret Service produced additional documents on October 11, 2007 and October 24, 2007. The Secret Service contends that it has provided Plaintiff with all non-exempt documents responsive to his request and that summary judgment is appropriate. In light of the its recent production, the Secret Service respectfully requests that Plaintiff's motion be denied as moot.

### CONCLUSION

Since the Secret Service has conducted a proper search and turned over all non-exempt documents to Plaintiff, there are no genuine issue as to any material fact and the Secret Service is entitled to judgment as a matter of law. The Secret Service respectfully request that the Court grant summary judgment in its favor.

December 4, 2007                              Respectfully submitted,

                                             _____/s/_____
                                             JEFFREY A. TAYLOR, D.C. BAR # 498610
                                             United States Attorney

                                             _____/s/_____
                                             RUDOLPH CONTRERAS, D.C. BAR # 434122
                                             Assistant United States Attorney

_____/s/_____
KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 514-7157
(202) 514-8780 (facsimile)

Attorneys for Defendant

24

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of Defendant's Motion for Summary Judgment and Opposition to Motion to Compel and supporting documents were made by first class, postage prepaid mail this 4th day of December, 2007 to:

Donald Friedman
1301 4th Street
Napa, CA 94559-3015


_____/s/_____
KENNETH ADEBONOJO
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C.  20530
202-514-7157

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **DONALD FRIEDMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 06-2125 (RWR)** |
| | ) | |
| **UNITED STATES SECRET SERVICE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANTS' STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE

Defendant, United States Secret Service, respectfully submits this statement of material facts as to which there are no genuine disputes in accordance with  Local Rule 7.1(h).  The declaration of Craig Ulmer, ("Ulmer Decl."), Special Agent in Charge of the Capitol Hill and Interagency Liaison and Freedom of Information and Privacy Acts (FOI/PA) Officer, United States Secret Service (hereinafter Secret Service), Department of Homeland Security (DHS) (formerly a bureau within the Department of the Treasury), supports this statement.

1.      By letter dated September 1, 2006. to the Secret Service, which was received by the Secret Service on September 18, 2006, the plaintiff requested records relating to "Directed Energy Weapons," "Direct Energy Devices or Systems", and "Electromagnetic Radiation-Emitting Devices or Systems."   Ulmer Decl. at ¶5; Exhibit A attached thereto.

2.      By letter dated September 9, 2006, to the Secret Service, which was received by the Secret Service September 22, 2006, the plaintiff further defined the meaning of "Directed Energy Weapons and/or Systems."  Ulmer Decl. at ¶6; Exhibit B attached thereto.

3.      By letter dated October 2, 2006, the Secret Service FOI/PA Officer acknowledged receipt of plaintiff's FOIA/Privacy Act request.  Ulmer Decl. at ¶7; Exhibit C attached thereto.

4.      By letter dated September 29, 2006, to the Secret Service, which was received by the Secret Service on October 16, 2006,  the plaintiff provided further definition of his request. Ulmer Decl. at ¶8; Exhibit D attached thereto.

5.      By letter dated January 24, 2007, the Secret Service requested a firm agreement from the plaintiff to pay search fees with regards to his FOIA request.  Plaintiff was provided with his appeal rights with regards to the Secret Service's determination on the search fees. Ulmer Decl. at ¶9; Exhibit E attached thereto.

6.      By letter dated January 31, 2007, to the Secret Service, which was received by the Secret Service on February 20, 2007, plaintiff provided further information regarding this FOIA request. Ulmer Decl. at ¶10; Exhibit F attached thereto.

7.      By letter dated February 16, 2007, to the Secret Service, Mr. Ken Gaudet forwarded to the Secret Service a check from Napa County, California for the search fees applicable to plaintiff's FOIA request. Ulmer Decl. at ¶11; Exhibit G attached thereto.

8.      After receipt of this check to pay fees, the Secret Service FOI/PA office processed the plaintiff's request under the FOIA. Ulmer Decl. at ¶12.

9.      Based on the plaintiff's request for records as outlined in his letter of September 1, 2006, and further defined by his letters of September 9, 2006, September 29, 2006, and January 31, 2007, the Secret Service conducted a search for responsive records. Ulmer Decl. at ¶13.

10.     The FOI/PA Office determined what Secret Service division would possess information responsive to "Directed Energy Devices or Systems", and "Electromagnetic Radiation-Emitting Devices or Systems" and had these offices search their records for responsive records. The FOI/PA Office requested that the following divisions of the Secret Service search their records for information relevant to plaintiff's request: Intelligence Division, Human Resources and Training, Technical Security Division, Investigative Support Division, and the Uniformed Division.  Ulmer Decl. at ¶14.

11.     A search for responsive records was conducted in the Secret Service Master Central Index (MCI).  The MCI is an on-line computer system used by all Secret Service field offices, resident offices, protective divisions, and headquarters divisions for a variety of applications.  The MCI provides a system of record keeping of information for cases and subjects of record in investigative, protective, and administrative files maintained by the Secret Service. Individuals and groups on whom the Secret Service maintains records are indexed when possible on the MCI by name and personal identifiers.  The MCI search for records responsive to plaintiff's request was negative.  Ulmer Decl. at ¶15.

12.     The Uniformed Division, the Investigative Support Division, and the Intelligence Division searched paper records and/or computer systems internal to those offices.  These searches produced no responsive records.  The Training component of the Office of Human Resources and training made a determination that no training was conducted on weapons as described in plaintiff's request and, consequently, that office was not maintaining responsive records.  Ulmer Decl. at ¶16.

3

13.     The Technical Security Division (TSD) searched both paper records and the internal e-mail network in TSD.  Responsive documents were located in TSD, the division of the Secret Service which is primarily responsible for compiling information on Secret Service security measures and technologies which could potentially pose a threat to Secret Service protectees or Secret Service facilities.  No records were located in any of the other listed offices that were searched.  It is noted that none of the responsive material which was located in any way deals with the plaintiff. Ulmer Decl. at ¶17.

14.     By letter dated July 23, 2007, the Secret Service released to plaintiff pursuant to the FOIA documents and information responsive to his information access request.  Through this letter, plaintiff was advised that the Secret Service was withholding additional responsive material pursuant to various exemptions set out under the FOIA and the Privacy Acts.  Through this letter plaintiff was also advised that some documents and information responsive to this request had originated with other federal agencies, and that these documents had been forwarded to those agencies for direct response to the plaintiff. Ulmer Decl. at ¶19; Exhibit H attached thereto.

15.     A review of documents found in the responsive files located information originating with the United States Coast Guard.  As required under applicable DHS regulations (see 6 C.F.R. § 5.4(c) and (d)), by letter dated July 23, 2007, the Secret Service referred this material to the United States Coast Guard for direct response to the plaintiff.  Ulmer Decl. at ¶20; Exhibit I attached thereto.

16.     A review of documents found in the responsive files also located information originating with the Department of Energy.  As required under applicable DHS regulations (see 6

4

C.F.R. § 5.4(c) and (d)), by letter dated July 23, 2007, the Secret Service referred this material to

the Department of Energy for direct response to the plaintiff. Ulmer Decl. at ¶21; Exhibit J

attached thereto.

17.      A review of documents found in the responsive files also located information

originating with the Air Force.  As required under applicable DHS regulations (see 6 C.F.R. §

5.4(c)and (d)), by letter dated July 23, 1007, the Secret Service referred this material to the Air

Force for direct response to plaintiff. Ulmer Decl. at ¶22; Exhibit K attached thereto.

18.      A review of documents found in the responsive files also located information

originating with the Navy.  As required under applicable DHS regulations (see 6 C.F.R. § 5.4(c)

and (d)), by letter dated July 23, 2007, the Secret Service referred this material to the Navy for

direct response to plaintiff.  Ulmer Decl. at ¶23; Exhibit L attached thereto.

19.      A review of documents found in the responsive files also located information

originating with the Department of Homeland Security (DHS).  As required under applicable

DHS regulations (see 6 C.F.R. § 5.4(c) and (d)), by letter dated July 23, 2007, the Secret Service

referred this material to the DHS for direct response to plaintiff.  Ulmer Decl. at ¶24; Exhibit M

attached thereto.

20.      A review of documents found in the responsive files also located information

originating with the Department of Justice (Justice).  As required under applicable DHS

regulations (see 6 C.F.R. § 5.4(c) and (d)), by letter dated July 23, 2007, the Secret Service

referred this material to Justice for direct response to plaintiff. Ulmer Decl. at ¶25; Exhibit N

attached thereto.

21.     A review of documents found in the responsive files also located information originating with the Army.  As required under applicable DHS regulations (see 6 C.F.R. § 5.4(c) and (d)), by letter dated July 23, 2007, the Secret Service referred this material to the Army  for direct response to plaintiff. Ulmer Decl. at ¶26; Exhibit O attached thereto.

22.     A review of documents found in the responsive files also located information originating with the Federal Aviation Administration (FAA).  As required under applicable DHS regulations (see 6 C.F.R. § 5.4(c) and (d)), by letter dated July 23, 2007, the Secret Service referred this material to the FAA  for direct response to plaintiff.  Ulmer Decl. at ¶27; Exhibit P attached thereto.

23.     A review of documents found in the responsive files also located information originating with the Department of Defense.  As required under applicable DHS regulations (see 6 C.F.R. § 5.4(c) and (d)), by letter dated July 23, 2007, the Secret Service referred this material to the Department of Defense for direct response to plaintiff.  Ulmer Decl. at ¶28; Exhibit Q attached thereto.  The Department of Defense subsequently returned to the Secret Service these documents for referral to Department of Defense components.

24.     By letter dated August 10, 2007, the Secret Service referred a portion of the material referenced in the Ulmer Declaration at ¶28 above to the Defense Threat Reduction Agency for direct response to plaintiff.  Ulmer Decl. at ¶29; Exhibit R attached thereto.

25.     By letter dated August 10, 2007, the Secret Service referred the remaining portion of the material referenced in the Ulmer Declaration at ¶28 above to the Marine Corps for direct response to plaintiff.   Ulmer Decl. at ¶30; Exhibit S attached thereto.

6

26.     A review of documents in the responsive file also located two classified documents originating with the Air Force that were marked as "Special Access Program." As required under applicable DHS regulations (6 C.F.R. § 5.4(c) and (d)), by letter dated October 24, 2007, the Secret Service referred this material to the Air Force for direct response to plaintiff. Since only individuals specifically authorized under this special access program may review these documents, a Secret Service employee authorized to handle these documents hand carried on October 24, 2007, these documents, along with the referral letter to the Air Force, to MIT Lincoln Laboratories (who participated in the creation of these documents) for their transmittal of the material to the authorized individuals at the Air Force. Ulmer Decl. at ¶31; Exhibit T attached thereto.

27.     In preparation of this declaration, it was determined that additional documents and information previously withheld in the Secret Service's releases to plaintiff could be released to plaintiff. In order to ensure that plaintiff received all releaseable information, by letter dated October 11, 2007, the Secret Service made a release to the plaintiff a complete set of releasable information responsive to plaintiff's information access request. Through this letter plaintiff was advised that the Secret Service was withholding additional responsive material pursuant to various exemptions set out under the FOIA. Plaintiff was also informed that a total of 454 pages were being withheld in full. Ulmer Decl. at ¶32; Exhibit U attached thereto.

28.     By letter dated October 24, 2007, the Secret Service made an additional release of material to the plaintiff consisting of an additional seven pages of releasable material. The Secret Service also informed the plaintiff that the Secret Service, after a thorough review, had determined that the earlier total number of responsive documents being withheld in full was

incorrect and that 369 pages of responsive material were being withheld in full. Ulmer Decl. at

¶33; Exhibit V attached thereto.

December 4, 2007                          Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


_____/s/_____
KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 514-7157
(202) 514-8780 (facsimile)

Attorneys for Defendant

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DONALD FRIEDMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-2125 (RWR) |
| | ) | |
| UNITED STATES SECRET SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

## DECLARATION OF CRAIG W. ULMER
## SPECIAL AGENT IN CHARGE, CAPITOL HILL
## AND INTERAGENCY LIAISON AND
## FREEDOM OF INFORMATION AND PRIVACY ACTS OFFICER,
## UNITED STATES SECRET SERVICE

I, Craig W. Ulmer, hereby make the following declaration:

1.      I am the Special Agent in Charge of the Capitol Hill and Interagency

Liaison, and Freedom of Information and Privacy Acts (FOI/PA) Officer, United States Secret

Service (hereinafter Secret Service), Department of Homeland Security (DHS) (formerly a

bureau within the Department of the Treasury).  I have been assigned as the Secret Service

FOI/PA Officer since August 6, 2007, and have been employed with the Secret Service as a

Special Agent (GS-1811) since April 28, 1985.  My predecessor was Kathy J. Lyerly.

2.      DHS regulations, Title 6, Code of Federal Regulations, section 5.4, and Appendix

A, II(I)(3), vest authority in the FOI/PA Officer, Secret Service, to make initial determinations as

to whether to grant FOIA requests for Secret Service records (68 FR 4056, 4058, and 4069).

DHS regulations, Title 6, Code of Federal Regulations, section 5.22, and Appendix A, II(I)(3)

(68 FR 4056, 4065, and 4069) likewise vest authority in the FOI/PA Officer, Secret Service, to

make initial determinations as to whether to grant requests for access to Secret Service records

made under the Privacy Act of 1974, Title 5 of the United States Code, section 552a ("Privacy

Act").

      3.     As the Secret Service's FOI/PA Officer, I am familiar with plaintiff's FOIA and

Privacy Act request to the Secret Service.  Under my direction, the files of the Secret Service

FOI/PA Office have been searched for all records pertinent to this litigation.  A chronological

description of the correspondence in this matter and the processing of plaintiff's information

request is set forth below.

      4.     As a preliminary matter, however, I note that a review of plaintiff's FOIA request

suggests that plaintiff is seeking information concerning an alleged use of directed energy

weapons/systems or electromagnetic radiation emitting devices/systems as relating to himself.

While plaintiff's FOIA request has become broad enough to be reasonably understood as a

request for any documents concerning directed energy weapons/systems or electromagnetic

radiation devices/systems, any responsive documents the Secret Service located do not in any

way concern the plaintiff.

      5.     By letter to the Secret Service dated September 1, 2006, and received by the

Secret Service on September 18, 2006, the plaintiff requested records relating to "Directed

Energy Weapons," "Direct Energy Devices or Systems", and "Electromagnetic Radiation-

Emitting Devices or Systems."  A copy of this letter is attached as Exhibit A.

      6.     By letter to the Secret Service dated September 9, 2006, and received by the

Secret Service September 22, 2006, the plaintiff further defined the meaning of "Directed Energy Weapons and/or Systems." A copy of this letter is attached as Exhibit B.

7. By letter dated October 2, 2006, the Secret Service FOI/PA Officer acknowledged receipt of plaintiff's FOIA/Privacy Act request. A copy of this letter is attached as Exhibit C.

8. By letter to the Secret Service dated September 29, 2006, and received by the Secret Service on October 16, 2006, the plaintiff provided further definition of his request. A copy of this letter is attached as Exhibit D.

9. By letter dated January 24, 2007, the Secret Service requested a firm agreement from the plaintiff to pay search fees with regards to his FOIA request. Plaintiff was provided with his appeal rights with regards to the Secret Service's determination on the search fees. A copy of this letter is attached as Exhibit E.

10. By letter to the Secret Service dated January 31, 2007, and received by the Secret Service on February 20, 2007, plaintiff provided further information regarding this FOIA request. A copy of this letter is attached as Exhibit F.

11. By letter to the Secret Service dated February 16, 2007, Mr. Kenneth J. Gaudet forwarded to the Secret Service a check from Napa County, California for the search fees applicable to plaintiff's FOIA request. A copy of this letter, without enclosure, is attached as Exhibit G.

12. After receipt of this check to pay fees, the Secret Service FOI/PA Office processed the plaintiff's request under the FOIA.

3

13.    Based on the plaintiff's request for records as outlined in his letter of

September 1, 2006, and further defined by his letters of September 9, 2006, September 29, 2006,

and January 31, 2007, the Secret Service conducted a search for responsive records.

14.    The FOI/PA Office determined what Secret Service division would possess

information responsive to "Direct Energy Devices or Systems," and "Electromagnetic Radiation-

Emitting Devices or Systems" and had these offices search their records for responsive records.

The FOI/PA Office requested that the following divisions of the Secret Service search their

records for information relevant to plaintiff's request: Intelligence Division, Human Resources

and Training, Technical Security Division, Investigative Support Division, and the Uniformed

Division.

15.    Initially a search for responsive records was conducted in the Secret Service Master

Central Index (MCI).  The MCI is an on-line computer system used by all Secret Service field

offices, resident offices, protective divisions, and headquarters divisions for a variety of

applications.  The MCI provides a system of record keeping of information for cases and subjects

of record in investigative, protective, and administrative files maintained by the Secret Service.

Individuals and groups on whom the Secret Service maintains records are indexed when possible

on the MCI by name and personal identifiers.  The MCI search for records responsive to

plaintiffs request was negative.

16.    The Uniformed Division, the Investigative Support Division, and the Intelligence

Division searched paper records and/or computer systems internal to those offices.  These

searches produced no responsive records.  The Training component of the Office of Human

Resources and Training made a determination that no training was conducted on weapons as

described in plaintiff's request and, consequently, that office was not maintaining responsive records.

17. The Technical Security Division (TSD) searched both paper records and the internal e-mail network in TSD. Responsive documents were located in TSD, the division of the Secret Service which is primarily responsible for compiling information on Secret Service security measures and technologies which could potentially pose a threat to Secret Service protectees or Secret Service facilities. No records were located in any of the other listed offices that were searched. It is noted that none of the responsive material which was located in any way deals with the plaintiff.

18. Based on the searches described above, the FOI/PA Office has conducted searches reasonably likely to produce records responsive to plaintiff's request.

19. By letter dated July 23, 2007, the Secret Service released to plaintiff pursuant to the FOIA documents and information responsive to his information access request. Through this letter, plaintiff was advised that the Secret Service was withholding additional responsive material pursuant to various exemptions set out under the FOIA and the Privacy Acts. Through this letter, plaintiff was also advised that some documents and information responsive to this request had originated with other federal agencies, and that these documents had been forwarded to those agencies for direct response to the plaintiff. A copy of this letter, without enclosures, is attached as Exhibit H.

20. A review of documents found in the responsive files located information originating with the United States Coast Guard. As required under applicable DHS regulations (see 6 C.F.R. § 5.4(c) and (d)), by letter dated July 23, 2007, the Secret Service referred this

5

material to the United States Coast Guard for direct response to the plaintiff. A copy of this letter, without enclosures, is attached as Exhibit I.

21.     A review of documents found in the responsive files located information originating with the Department of Energy. As required under applicable DHS regulations (see 6 C.F.R. § 5.4(c) and (d)), by letter dated July 23, 2007, the Secret Service referred this material to the Department of Energy for direct response to the plaintiff. A copy of this letter, without enclosures, is attached as Exhibit J.

22.     A review of documents found in the responsive files located information originating with the United States Air Force. As required under applicable DHS regulations (see 6 C.F.R. § 5.4(c)and (d)), by letter dated July 23, 1007, the Secret Service referred this material to the Air Force for direct response to plaintiff. A copy of this letter, without enclosures, is attached as Exhibit K.

23.     A review of documents found in the responsive files located information originating with the United States Navy. As required under applicable DHS regulations (see 6 C.F.R. § 5.4(c) and (d)), by letter dated July 23, 2007, the Secret Service referred this material to the Navy for direct response to plaintiff. A copy of this letter, without enclosures, is attached as Exhibit L.

24.     A review of documents found in the responsive files located information originating with the Department of Homeland Security (DHS). As required under applicable DHS regulations (see 6 C.F.R. § 5.4(c) and (d)), by letter dated July 23, 2007, the Secret Service referred this material to the DHS for direct response to plaintiff. A copy of this letter, without enclosures, is attached as Exhibit M.

6

25.     A review of documents found in the responsive files located information

originating with the Department of Justice (Justice). As required under applicable DHS

regulations (see 6 C.F.R. § 5.4(c) and (d)), by letter dated July 23, 2007, the Secret Service

referred this material to Justice for direct response to plaintiff. A copy of this letter, without

enclosures, is attached as Exhibit N.

26.     A review of documents found in the responsive files located information

originating with the United States Army. As required under applicable DHS regulations (see 6

C.F.R. § 5.4(c) and (d)), by letter dated July 23, 2007, the Secret Service referred this material to

the Army for direct response to plaintiff. A copy of this letter, without enclosures, is attached as

Exhibit O.

27.     A review of documents found in the responsive files located information

originating with the Federal Aviation Administration (FAA). As required under applicable DHS

regulations (see 6 C.F.R. § 5.4(c) and (d)), by letter dated July 23, 2007, the Secret Service

referred this material to the FAA for direct response to plaintiff. A copy of this letter, without

enclosures, is attached as Exhibit P.

28.     A review of documents found in the responsive files located information

originating with the Department of Defense. As required under applicable DHS regulations (see

6 C.F.R. § 5.4(c) and (d)), by letter dated July 23, 2007, the Secret Service referred this material

to the Department of Defense for direct response to plaintiff. A copy of this letter, without

enclosures, is attached as Exhibit Q.  The Department of Defense subsequently returned to the

Secret Service these documents for referral to Department of Defense components.

29.     By letter dated August 10, 2007, the Secret Service referred a portion of the

7

material referenced in # 20 above to the Defense Threat Reduction Agency for direct response to plaintiff. A copy of this letter, without enclosures, is attached as Exhibit R.

30.    By letter dated August 10, 2007, the Secret Service referred the remaining portion of the material referenced in # 20 above to the United States Marine Corps for direct response to plaintiff. A copy of this letter, without enclosures, is attached as Exhibit S.

31.    A review of documents in the responsive file also located two classified documents originating with the United States Air Force that were marked as "Special Access Program." As required under applicable DHS regulations (6 C.F.R. § 5.4(c) and (d)), by letter dated October 24, 2007, the Secret Service referred this material to the Air Force for direct response to plaintiff. Since only individuals specifically authorized under this special access program may review these documents, a Secret Service employee authorized to handle these documents hand carried on October 24, 2007, these documents, along with the referral letter to the Air Force, to MIT Lincoln Laboratories (who participated in the creation of these documents) for their transmittal of the material to the authorized individuals at the Air Force. A copy of this letter, without enclosures, is attached as Exhibit T.

32.    In preparation of this declaration, it was determined that additional documents and information previously withheld in the Secret Service's releases to plaintiff could be released to plaintiff. In order to ensure that plaintiff received all releaseable information, by letter dated October 11, 2007, the Secret Service made a release to the plaintiff of a complete set of releasable information responsive to plaintiff's information access request. Through this letter plaintiff was advised that the Secret Service was withholding additional responsive material

8

pursuant to various exemptions set out under the FOIA. A copy of this letter, without enclosures, is attached as Exhibit U.

33.    By letter dated October 24, 2007, the Secret Service made an additional release of material to the plaintiff consisting of an additional seven pages of releasable material. The Secret Service also informed the plaintiff that the Secret Service, after a thorough review, had determined that its earlier statements of the total number of responsive documents being withheld in full was incorrect and that 369 pages of responsive material were being withheld in full. A copy of this letter, without enclosures, is attached as Exhibit V.

## 5 U.S.C. 552(b)(1): Information Specifically Authorized Under Criteria Established by an Executive Order to be Kept Secret in the Interest of National Security

34.    In processing these records, the Secret Service has determined that it would withhold information under Title 5, United States Code, section 552(b)(1), which exempts from disclosure information "(A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order."

35.    The information being withheld by the Secret Service under (b)(1) is information the unauthorized disclosure of which reasonably could be expected to result in damage to national security as outlined by Executive Order 12948, as amended. Specifically, this information concerns vulnerabilities or capabilities of systems, installations, infrastructures, projects, plans or protection services relating to the national security as well as scientific, technological, or economic matters relating to the national security as outlined by Executive Order 12948, as amended.

36.    The information being withheld under (b)(1) consist of four reports (totalling 270 pages).  One report outlines security measures in place at the White House to thwart aerial attacks and the remaining three reports concern potential countermeasures that could be used in an attempt to thwart air defense security measures at Secret Service protected facilities including the White House.

37.    Secret Service classification officials have reviewed this material and have determined that these documents continue to be material that should be classified under Executive Order 12948, as amended.  The release of this information could clearly be used to identify the vulnerabilities and capabilities of the air defense system at the White House and other Secret Service protected facilities.  The release of this information would put the lives of the President, Vice-President, and other Secret Service protectees in danger and, thereby, could have a direct and serious impact on national security.   These reports also contain technological matters relating to national security.

38.    For the above stated reasons, the Secret Service continues to withhold these four reports in their entirety pursuant to Title 5, United States Code, section 552(b)(1).

## 5 U.S.C. 552 (b)(5): Inter-Agency or Intra-Agency Memorandums or Letter Which Would Not be Available by Law to a Party Other Than an Agency in Litigation With the Agency

39.    Title 5 of the United States Code, section 552(b)(5), exempts from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency."  The Secret Service cites exemption (b)(5) as justification for withholding in full a two page document regarding the opinion of a

technical security employee of the Secret Service regarding the current state of development of acoustical weaponry.

40.    This two page document outlines the preliminary evaluations of a technical security employee of the Secret Service.  It contains pre-decisional opinions of the Secret Service employee given to his supervisors.  The release of this type of information could discourage open and frank discussions on security matters within the Secret Service and make it less likely that Secret Service employees will be candid in offering opinions regarding emerging technologies that may impact on Secret Service protective responsibilities.  This chilling effect could harm the protective efforts of the Secret Service.  For the above reasons, the Secret Service is withholding in full two pages of material pursuant to (b)(5).

41.  This material has also been withheld under (b)(2) and (b)(7)(E) (see discussion below).

## 5 U.S.C. 552(b)(7): Records or Information Compiled for Law Enforcement Purposes

42.    Title 5, United States Code, section 552(b)(7) provides that the FOIA does not apply to "records or information complied for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ... could reasonably be expected to constitute an unwarranted invasion of personal privacy, ... [or] would disclose techniques and procedures for law enforcement investigation if such disclosure .... [or] could reasonably be expected to endanger the life or physical safety of any individual."

43.    The Secret Service is a protective law enforcement and security agency operating

11

under the provisions of Title 18, United States Code, section 3056. Pursuant to this Title and

section, the Secret Service is responsible for protection of various individuals, including the

President and the Vice-President. All records responsive to the plaintiff's request were compiled

in connection with the Secret Service's statutory responsibilities to protect the President and Vice

President and other designated individuals. As such, these records meet the threshold

requirement of exemption (b)(7) of having been compiled for law enforcement purposes.

### (1)    Exemption (b)(2) and Exemption (b)(7)(E)

44.    In processing these documents the Secret Service has determined to withhold

information from release under Title 5, United States Code, section 552(b)(2) (hereinafter

exemption (b)(2)) in conjunction with Title 5 of the United States Code, section 552(b)(7)(E)

(hereinafter exemption (b)(7)(E)). Exemption (b)(2) exempts from disclosure information

"relating solely to the internal rules and practices of an agency." Exemption (b)(7)(E) exempts

from disclosure information compiled for law enforcement purpose that "would disclose

techniques and procedures for law enforcement investigations or prosecutions, or would disclose

guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably

be expected to risk circumvention of the law."

45.    The Secret Service cites exemption (b)(2) and (b)(7)(E) as justification for

withholding internal Secret Service e-mail addresses. These e-mail addresses are strictly internal

and in and of themselves would appear to have no informational value to the public. The release

of this information, however, could assist someone in hacking into a federal computer data base

and gathering information from that data base.

46.    The Secret Service also cites exemptions (b)(2) and  (b)(7)(E) to withhold

12

specific information on security systems used by the Secret Service in its statutory responsibilities to protect the President, and Vice President, and other designated individuals as well as information regarding technologies which could potentially thwart these measures. The release of this information could benefit those attempting to harm Secret Service protectees and to penetrate Secret Service protected facilities. Public disclosure of information regarding the details of these security systems and technologies could nullify the future effectiveness of these protective measures. Disclosure of this type of information could impede the Secret Service's efforts to protect the President, the Vice President, and other Secret Service protectees in the future. For these reasons, the Secret Service is withholding in full 97 pages of a technical proposal regarding a countermeasures study and portions of other documents under (b)(2) in conjunction with exemption (b)(7)(E) .

### (2)     Exemption (b)(6) and (b)(7)(C)

47.     In processing these records, the Secret Service has also determined to withhold information under Title 5, United States Code, section 552(b)(6) and (b)(7)(C). Title 5, United States Code, section 552(b)(6) (hereinafter exemption (b)(6)) exempts from disclosure information which applies to a particular, identifiable person and the release of which "would constitute a clearly unwarranted invasion of personal privacy." Title 5, United States Code, section 552(b)(7)(C) (hereinafter exemption (b)(7)(C)) exempts from disclosure "records or information compiled for law enforcement purposes" the disclosure of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy."

48.     The information to be withheld under these two exemptions combined includes the names and phone numbers of individuals employed by entities outside of the Secret Service

who provide security advice and information on potential security threats, and, at times, security equipment to the Secret Service and other government entities. The names and telephone numbers of law enforcement personnel have also been withheld under these two exemptions.

49.    In making its determination to withhold the names and telephone numbers of the individuals employed by entities outside of the Secret Service under exemptions (b)(6) and (b)(7)(C), the Secret Service balanced the public's interest in the disclosure against the privacy rights of third parties, and determined that the privacy rights of the third parties outweighed any public interest in disclosure. It appears that there would be little or no public interest in the names and phone numbers of these individuals. Yet, information regarding these individuals if placed in the public domain could cause these individuals a personal risk due to their connection with the Secret Service and other government entities. Those who are seeking to harm a Secret Service protectee or penetrate a Secret Service protected facility could seek to use these individuals to gain information regarding the security procedures in place around these individuals and facilities. The individuals whose information is being withheld under these exemptions are working individuals, members of the general public, whose affiliation and information on security systems should be shielded from the public view. For these reasons, the names and phone numbers of individuals employed by entities outside the Secret Service who have provided security advice or information on potential security threats is being withheld under exemptions (b)(6) and (b)(7)(C).

50.    In making its determination to withhold the identities and telephone numbers of law enforcement personnel under exemptions (b)(6) and (b)(7)(C), the Secret Service balanced the public's interest in disclosure against the privacy rights of the individuals whose

14

names and telephone numbers appear in responsive documents. The Secret Service determined

that there is no public interest in this information since this information does not reveal anything

about the manner in which the agency conducts its activities and does not disclose any illegal

activity on the part of the agency. Moreover, the public interest is best served by the non-

disclosure of such information, since disclosure could result in the personal harassment of law

enforcement personnel and, by extension, a diminishment of the ability of law enforcement

personnel to perform their duties. Furthermore, the performance of law enforcement duties often

entails serious intrusions into the lives of others, which creates resentment and sometimes a

desire for retaliation. As such, the Secret Service recognizes that the release of the names and

telephone numbers of law enforcement personnel could facilitate such retaliation. The release of

this information could also subject law enforcement personnel to unofficial questioning regarding

the security measures in place around Secret Service protectees and Secret Service protected

facilities. Given these factors, the Secret Service determined that the privacy rights of law

enforcement personnel outweighs any public interest in disclosure and withheld this information

under the (b)(6) and (b)(7)(C) exemptions.

### (3)    5 U.S.C.§ 552 (b)(7)(F)

51. In processing these records, the Secret Service also determined that it would withhold

information under Title 5, United States Code, section 552 (b)(7)(F), which exempts from

disclosure information compiled for law enforcement purposes the disclosure of which "could

reasonably be expected to endanger the life or physical safety of any individual."

52.    In withholding information regarding the security measures and related

technologies used to protect Secret Secret protectees, the Secret Service is seeking to protect the life of the President, Vice-President, and other individuals under its statutory protection as well as law enforcement personnel. Exemption (b)(7)(F) does not require a balancing test of public interest verses the harm which could befall these individuals. To release information regarding the security procedures in place to protect Secret Service protectees and possible technologies to thwart these procedures could endanger the lives of those protectees as well as law enforcement personnel who are charged with their protection. For this reason, information concerning the security measures in place and technologies that could potentially thwart these measures are being withheld under exemption (b)(7)(F).

### Segregation

53.    Every effort has been made to provide plaintiff with all reasonably segregable portions of the material requested. The Secret Service has carefully reviewed this material and determined what portions need to be released and what portions need to be withheld. No reasonably segregable non-exempt portions of documents have been withheld from the plaintiff. A review of the responsive documents shows that no further information can be segregated without releasing information properly withheld under the FOIA. Accordingly, all information withheld is exempt from disclosure pursuant to the FOIA exemption or is not reasonably segregable because it is so intertwined that protected material segregation is not possible or its release would have revealed the underlying protected material.

54.    On some pages of released material, the Secret Service has released only a small number of lines (in some cases only one line) of material while the rest of the material is not provided as beyond the scope of plaintiff's request (marked as BTS). This was done to release

the maximum amount of material to plaintiff. The material marked as beyond the scope is information not responsive to plaintiff's request.

### Conclusion

55.    The Secret Service has made every attempt to release as much information as possible and has processed the documents to redact only the information which must be withheld. The Secret Service has made every attempt to comply with the intent of the FOIA, while protecting the personal privacy of third parties, and the interest of the general public in the efficient and effective performance of its law enforcement agencies.

I declare under penalty of perjury that the foregoing is true and correct.

_DECEMBER  2,  2007_
Date

Craig W. Ulmer
Special Agent in Charge,
Liaison Division, Office of Government and Public Affairs
and Freedom of Information and Privacy Acts Officer
United States Secret Service

17

20060530
980172

RECEIVED
U.S. SECRET SERVICE

2006 SEP 18  A 11: 24

FREEDOM OF INFORMATION
PRIVACY ACTS OFFICER

FOIA/PA MANAGER

U.S. SECRET SERVICE

950 H STREET, NW

SUITE 3000

WASHINGTON, DC 20223


DEAR SIR OR MS.:


THIS REQUEST IS MADE PURSUANT TO THE

FREEDOM OF INFORMATION ACT, 5 U.S.C. §552.


PLEASE IMMEDIATELY PROVIDE ME WITH COPIES OF

ANY AND ALL FILES, RECORDS, DOCUMENTS, INFORMATION,

PHOTOS, RESEARCH MATERIALS (INCL. RESULTS), AND

PURCHASING AND ANY OTHER CONTRACT-RELATED

INFORMATION RELATED TO OR REFERRING TO ANY

U.S. SECRET SERVICE DEVELOPMENT OF, ACQUISITION

OF, INSTALLATION OF, DEPLOYMENT OF, TESTING OF,

RESEARCH RELATED TO, AND/OR INVESTIGATION OR

EVALUATION OF THE CAPABILITIES, PROPERTIES, AND/OR

EFFECTS OF ANY:

   I) DIRECTED ENERGY WEAPONS OR SYSTEMS (INCL.

      ANY AND ALL PARTS OR COMPONENTS THEREOF);

      AND/OR

1.

2) DIRECTED ENERGY DEVICES OR SYSTEMS (INCL. ANY AND ALL PARTS OR COMPONANTS THEREOF); AND/OR

3) ELECTROMAGNETIC RADIATION - EMITTING DEVICES OR SYSTEMS (INCL. ANY AND ALL PARTS OR COMPONANTS THEREOF) WHICH ARE CAPABLE OF CAUSING ANY INJURY OR PERCEPTION OF PHYSICAL PAIN IN ANY PERSON WHO IS HIT OR STRUCK BY THE DEVICE'S OR SYSTEM'S EMISSIONS.

PLEASE SEARCH ALL PROTECTIVE RESEARCH, PROTECTIVE OPERATIONS, AND PURCHASING - RELATED RECORDS, DOCUMENTS, FILES, INFORMATION, COMPUTER DATA, ETC., IN ALL RELATED LOCATIONS, LABORATORIES, AND OFFICES, FOR RECORDS, ETC. RESPONSIVE TO THIS REQUEST.

I AGREE TO PAY UP TO $25.00 FOR FEES RELATED TO THIS REQUEST.

THANK YOU FOR YOUR PROMPT ATTENTION TO THIS REQUEST.

2.

SINCERELY,

DONALD FRIEDMAN

CONFIDENTIAL LEGAL CORRESPONDENCE

1125 THIRD STREET

NAPA, CA 94559-3015

3.

# Exhibit B

Filed
20060535

RECEIVED
U.S. SECRET SERVICE
2006 SEP 22   A 9: 25
FREEDOM OF INFORMATION
PRIVACY ACTS OFFICER

FOIA/PA Manager
U.S. Secret Service
950 H Street, NW
Suite 3000
Washington, DC 20223

Re: Previous FOIA Request Dated September
1, 2006

Dear Sir or Ms.:

This letter is to help you with a previous
FOIA request I made, dated September 1, 2006.
In that request I asked for, among other
things, all records, etc. which relate or refer
to "Directed Energy Weapons and/or Systems"

I wanted to define "Directed Energy Weapons
and/or Systems" (to avoid any miscommunication
or misunderstanding) as any device(s) which
use any directed, beamed, or pulsed emission
of electromagnetic radiation and/or energy
(which is comprised of any sound, infrasound,
infrasonic, light, infrared, ultraviolet, heat,
millimeter-wave, or microwave radiation

1.

AND/OR ENERGY), WHICH IS CAPABLE OF ANY OF THE FOLLOWING:

1) CAUSING PAIN, INJURY, DISABILITY, DISCOMFORT, INCAPACITATION, OR DISORIENTATION; AND/OR

2) INDUCING SLEEP; AND/OR

3) STUNNING; AND/OR

4) CAUSING NAUSEA OR SEIZURE; AND/OR

5) DECREASING SPONTANEOUS ACTIVITY; AND/OR

6) AFFECTING, MODIFYING, INFLUENCING, OR CONTROLLING ANY ACTIVITY, BEHAVIOR, OR BODILY FUNCTIONS; AND/OR

7) CAUSING ANY OTHER ADVERSE EFFECT ON ANY PART OR SYSTEM OF THE HUMAN BODY.

THANK YOU FOR YOUR ASSISTANCE AND YOUR PROMPT ATTENTION TO THIS MATTER.

SINCERELY,

DONALD FRIEDMAN
CONFIDENTIAL LEGAL CORRESPONDENCE
1125 THIRD STREET
NAPA, CA 94559-3015

# Exhibit C



**DEPARTMENT OF HOMELAND SECURITY**
UNITED STATES SECRET SERVICE
WASHINGTON, D.C. 20223

Freedom of Information and Privacy Acts Branch
245 Murray Drive
Building 410
Washington, D.C. 20223

Donald Friedman                                    OCT    2 2006
Confidential Legal Correspondence
1125 Third Street
Napa, CA  94559-3015

File Number:   20060535

Dear Requester:

This letter is intended to acknowledge the receipt of your recent Freedom of Information/Privacy Acts request received by the United States Secret Service on September 18, 2006, for information pertaining to electronic radiation.

A search for files responsive to your request is being conducted.  When the results of the search are known, you will be notified.

Please use the file number indicated above in all future correspondence with this office.

We solicit your cooperation and assure you that the search will be conducted as expeditiously as possible.

Sincerely,

Kathy J. Lyerly
Special Agent In Charge
Freedom of Information &
Privacy Acts Officer

BCC:   Official File (177.060/177.070)
Chron. File
Subject File **SUBJECT FILE**
KJLyerly/aa  9/21/2006I:\WD2KTMPT\ACKNOW.DOT

# Exhibit D

FOIA/PA MANAGER

U.S. SECRET SERVICE

950 H STREET, NW

SUITE 3000

WASHINGTON, DC 20223

RECEIVED
U.S. SECRET SERVICE

2006 OCT 16 ᑭ 4: 39

FREEDOM OF INFORMATION
PRIVACY ACTS OFFICER

RE: PREVIOUS FOIA REQUEST REGARDING DIRECTED
     ENERGY WEAPONS, ETC.

DEAR SIR OR MS.:

THIS LETTER IS TO CLARIFY BUT NOT MODIFY MY PREVIOUS
FOIA REQUEST DATED SEPTEMBER 1, 2006 FOR ANY AND
ALL FILES, RECORDS, ETC. RELATED OR REFERRING TO
ANY U.S. SECRET SERVICE DEVELOPMENT OF, ACQUISITION
OF, INSTALLATION OF, DEPLOYMENT OF, TESTING OF,
RESEARCH RELATED TO, AND/OR INVESTIGATION OR
EVALUATION OF THE CAPABILITIES, PROPERTIES, AND/OR
EFFECTS OF ANY DIRECTED ENERGY WEAPONS OR SYSTEMS,
ETC.

IN THE DESCRIPTION OF WHAT I AM REQUESTING,
"DEPLOYMENT OF" INCLUDES "USE OF" ANY DIRECTED
ENERGY WEAPONS OR SYSTEMS, ETC. SINCE ANY USE OF
ANY DIRECTED ENERGY WEAPONS OR DEVICES OR

ANY OF THE OTHER DEVICES DESCRIBED IN MY
ORIGINAL REQUEST WOULD ALSO REQUIRE THE
DEPLOYMENT OF THOSE DEVICES.

ALSO, I SPECIFICALLY REQUESTED THAT ALL PROTECTIVE
RESEARCH, PROTECTIVE OPERATIONS, AND PURCHASING
RELATED RECORDS, ETC. IN ALL RELATED LOCATIONS,
ETC. BE SEARCHED FOR RECORDS RESPONSIVE TO MY
REQUEST. THEREFORE, ALL SPECIAL OR LIMITED ACCESS
PROGRAMS, AREAS, LOCATIONS, LABS, ETC. WITHIN PROTECTIVE
RESEARCH, ETC. MUST ALSO BE SEARCHED SINCE MOST,
IF NOT ALL, OF THE RECORDS BEING REQUESTED ARE
PROBABLY CONSIDERED SENSITIVE OR HIGHLY CONFIDENTIAL,
AND ARE THEREFORE PROBABLY SPECIAL ACCESS ONLY.

PLEASE ALSO CONSIDER MY ORIGINAL REQUEST UNDER
BOTH THE FOIA AND PRIVACY ACT.

THANK YOU.

SINCERELY,

DONALD FRIEDMAN
CONFIDENTIAL LEGAL CORRESPONDENCE
1125 THIRD STREET
NAPA, CA 94559-3015

# Exhibit E



**DEPARTMENT OF HOMELAND SECURITY**
UNITED STATES SECRET SERVICE
WASHINGTON, D.C. 20223

Freedom of Information and Privacy Acts Branch
245 Murray Drive
Building 410
Washington, D.C. 20223

Donald Friedman                                    JAN 2 4 2007
1125 Third Street
Napa, CA 94559-3015

File Number: 20060535

Dear Requester:

Reference is made to your Freedom of Information/Privacy Acts correspondence most recently received by the U. S. Secret Service (USSS) on October 16, 2006, for information pertaining to electronic radiation.

After a careful review of your request and consultation with the respective division that may have documents responsive to your request, we have determined that it will take USSS staff 80 hours to search for all responsive documents. The estimated cost to search for all responsive documents will be $3,828. To see the breakdown of this cost, see below:

It will take a GS14 staff 40 hours to search at a cost of 37.91 per hour ($1516.40), plus an additional 16% ($242.62). It will also take a GS15 staff member 40 hours to search at a cost of 44.59 per hour ($1783.60), plus 16% ($258.38). The total search cost will be $3828.28.

Pursuant to Title 6, Chapter 1, Part 5.11, where a component determines or estimates that a total fee to be charged under this section will be more than $250.00, it may require the requester to make an advance payment of an amount up to the amount of the entire anticipated fee before beginning to process the request, except where it receives a satisfactory assurance of full payment from a requester that has a history of prompt payment. Therefore, please send your payment of $3,828.28 in the form of a money order payable to the United States Treasury Department. Please reference your request number on the check. Upon receiving the payment, we will process your request.

If you disagree with our determination, you have the right of administrative appeal within 35 days by writing to Freedom of Information Appeal, Deputy Director, U.S. Secret Service, 245 Murray Drive, Building 410, Washington, D.C. 20223.

Please note that failure to respond within 60 days of the above date will result in the administrative closure of your file.

Please use the file number indicated above in all correspondence with this office.

Sincerely,

Kathy J. Lyerly
Special Agent In Charge
Freedom of Information &
Privacy Acts Officer

BCC:  Official File (177.060/177.070)
      Chron. File
      Subject File

KJLyerly/aa 1/24/2007

DOCUMENT2                      SUBJECT FILE

# Exhibit F

January 31, 2007

U.S. Secret Service
Liaison Division
245 Murray Drive
Building 410
Washington, DC 20223

RECEIVED
U.S. SECRET SERVICE
2007 FEB 20 P 4:0?
FREEDOM OF INFORMATION
(PRIVACY ACTS OFFICER)

Re: FOIA Request No. 20060535

Dear Sir or Ms.:

This letter is to clarify some facts about my FOIA request, but does not modify it in any way.

In my letter dated September 9, 2006 (a seperate clarification letter pertaining to this same FOIA request) I provided most of a definition for "directed-energy weapon" to make certain that the records, etc. I am requesting include records, etc. related or referring to all devices, systems, and technologies I want copies of records, etc. pertaining to, and to make certain my definition is the one the agency uses when conducting its search for records, etc. responsive to my request. The definition in the 9/9/06 letter is incomplete and #1 on page 2 of the letter should read (with change underlined):

"1) Causing pain, injury, disability, discomfort, incapacitation, disorientation, distraction, or alteration or degredation of any perception, performance, task, skill, or job; and/or"

In addition, in order to clarify something that should have been obvious from the context but still might need clarifying, all of the possible effects described on page 2 of the 9/9/06 letter (Nos. 1-7) all pertain to possible effects from any or all of the directed, beamed, pulsed, transmitted, or emitted electromagnetic radiation and/or energy from any (or any

1.

PART OF (ANY) DIRECTED-ENERGY WEAPON OR SYSTEM WHEN THAT RADIATION OR ENERGY (OR ANY PORTION OF IT) HITS ANY PERSON OR PERSONS (OR ANY PART OF ANY PERSON OR PERSONS).

ALSO, I HAVE REQUESTED THAT ALL PROTECTIVE RESEARCH, ETC. LOCATIONS, LABORATORIES, OFFICES, ETC. BE SEARCHED FOR RECORDS RESPONSIVE TO MY REQUEST, AND THE REQUEST INCLUDES SEARCHING THE ONE OR MORE MOBILE UNITS/VEHICLES, WHICH HAVE BEEN WITHIN DIRECTED-ENERGY WEAPON, SYSTEM, OR DEVICE RANGE OF ME, WHICH AGENCY PERSONNEL HAVE BEEN USING TO TRANSPORT THE VARIOUS DIRECTED-ENERGY WEAPONS, SYSTEMS, AND DEVICES AND THE WALL-PENETRATING SURVEILLANCE/TARGETING EQUIPMENT THEY HAVE BEEN CRIMINALLY MISUSING ON ME, ON A DAILY BASIS SINCE 2/25/97. THE LATEST LETTER I RECEIVED FROM YOUR OFFICE MENTIONED 80 HOURS OF SEARCH TIME, BUT DID NOT SPECIFICALLY MENTION THAT THE VEHICLES WOULD ALSO BE SEARCHED SO I WANTED TO BE CERTAIN THEY WERE SEARCHED BY YOUR OFFICE. I REQUEST, FOR OBVIOUS REASONS, THAT THE OCCUPANTS OF THE VEHICLES (AND THEIR IMMEDIATE SUPERVISORS) NOT BE RELIED ON TO CONDUCT THIS SEARCH.

FOR THE PURPOSE OF MY REQUEST (AND BEFORE THE INITIAL SEARCH IS BEGUN) I ALSO NEED TO DEFINE "DIRECTED-ENERGY DEVICES OR SYSTEMS" AS THEY APPLY TO MY ORIGINAL FOIA REQUEST. THESE DEVICES AND SYSTEMS INCLUDE ALL TYPES OF DEVICES AND SYSTEMS WHICH USE DIRECTED-ENERGY IN THE ELECTROMAGNETIC ("EM") RADIATION SPECTRUM FOR ANY PURPOSE, HOWEVER, FOR THE PURPOSE OF MY REQUEST, THIS DOES NOT INCLUDE DEVICES OR SYSTEMS WHICH USE EM RADIATION IN THE VISIBLE LIGHT PORTION OF THE EM SPECTRUM, WITH THE EXCEPTION OF HOLOGRAPHIC TECHNOLOGIES, DEVICES, OR SYSTEMS. SOME EXAMPLES OF THESE DEVICES, ETC. ARE:

1. MICROWAVE-BASED, WALL-PENETRATING MICROPHONES OR SOUND PICKUP DEVICES OR SYSTEMS (FOR COVERT, REMOTE SURVEILLANCE);
2. EYE/PUPIL TRACKING DEVICES OR SYSTEMS;
3. "ACTIVE," WALL-PENETRATING SURVEILLANCE DEVICES OR SYSTEMS
4. MICROWAVE AUDITORY EFFECT-BASED, MICROWAVE HEARING

EFFECT-BASED, FREY EFFECT-BASED, ARTIFICIAL TELEPATHY-
BASED, OR V2K-BASED COMMUNICATION DEVICES OR SYSTEMS
(WHICH COULD ALSO BE CONSIDERED A DIRECTED-ENERGY WEAPON)
5. OCCULAR (EYE), INNER-EYE, OR RETINAL IMAGE PROJECTION
DEVICES OR SYSTEMS (WHICH COULD ALSO BE CONSIDERED A DIRECTED-
ENERGY WEAPON).

I WANTED TO BE CERTAIN THAT EACH OF THESE THINGS WAS CLEAR
BEFORE I REMIT THE $3828.28 FOR THE UPCOMING SEARCH OF THE
RECORDS

PLEASE KEEP IN MIND THAT MY PRIMARY INTEREST IN THE RECORDS,
ETC. IS RELATED TO THE RECORDS, ETC. WHICH PERTAIN TO THE DIRECTED-
ENERGY WEAPONS, SYSTEMS, AND DEVICES WHICH HAVE BEEN USED ON
ME OR ANY PAST OR PRESENT MEMBER OF MY FAMILY, AT ANY TIME IN
THE PAST 40 YEARS.

THANK YOU FOR YOUR ASSISTANCE AND YOUR PROMPT ATTENTION TO THIS
MATTER.

SINCERELY,

MR. DONALD M. FRIEDMAN
CONFIDENTIAL LEGAL CORRESPONDENCE
1125 THIRD STREET
NAPA, CA 94559-3015

3.

# Exhibit G

**Kenneth J. Gaudet**
**CDO INVESTIGATIONS**
*California State License PI 19702*
**1325 Imola Ave west #427, Napa, CA 94559-4724**
**Office 707-256-3303 Fax 707-252-0338 Cell 707-318-3303**
**E mail uitlander@prodigy.net**

16-February-2007

Freedom of Information and Privacy Acts Branch
245 Murray Drive
Building 410
Washington, DC 20223

Re: File Number: 20060535

To the Freedom of Information & Privacy Acts Officer,

My name is Kenneth J Gaudet; I am a private investigator that has been appointed to be the defense investigator for Donald M. Friedman by the Napa County Superior Court, Sate of California. Enclosed is check for $3,828.28 for search fees in the above entitled case pursuant to a request from Donald M Freidman.

I would like to thank you in advance for your prompt attention to this matter.

Aye yours,

Ken Gaudet, Investigator
CDO Investigations

# Exhibit H




**DEPARTMENT OF HOMELAND SECURITY**
UNITED STATES SECRET SERVICE
WASHINGTON, D.C. 20223

Freedom of Information and Privacy Acts Branch
245 Murray Drive
Building 410
Washington, D.C. 20223

JUL 2 3

Donald Friedman
1301 Fourth Street
Napa, CA 94559-3015

File Number: 20060535

Dear Requester:

Reference is made to your Freedom of Information and/or Privacy Acts request originally received by the United States Secret Service (USSS) on October 16, 2006, for information pertaining to Directed Energy Weapons etc.

In our January 24, 2007 response letter, we advised you that it would take USSS staff 80 hours to search its indices for all responsive documents. Subsequently, we received your payment of $3828.28. It took USSS staff 80 hours to locate and retrieve all documents believed to be responsive to your request.

Enclosed are copies of documents from Secret Service records. The referenced material was considered under both the Freedom of Information Act, Title 5, United States Code, Section 552 and/or the Privacy Act, Title 5, United States Code, Section 552a. Pursuant to the Acts, exemptions have been applied where deemed appropriate. The exemptions cited are marked below.

In addition, approximately 454 page(s) have been withheld in their entirety. An enclosure to this letter explains the exemptions in more detail.

☒ If this boxed is checked, deletions were made pursuant to the exemptions indicated below.

### Section 552 (FOIA)

| | | |
|---|---|---|
| ☒ (b) (1) | ☒ (b) (2) | ☐ (b) (3) Statute: |
| ☒ (b) (4) | ☒ (b) (5) | ☒ (b) (6)     ☐ (b) (7) (A)     ☐ (b) (7) (B) |
| ☒ (b) (7) (C) | ☐ (b) (7) (D) | ☒ (b) (7) (E)     ☐ (b) (7) (F)     ☐ (b) (8) |

### Section 552a (Privacy Act)

☐ (d) (5)   ☐ (j) (2)   ☐ (k) (1)   ☐ (k) (2)   ☐ (k) (3)   ☐ (k) (5)   ☐ (k) (6)

The following checked item(s) also apply to your request:

☐ Some documents originated with another government agency(s). These documents were referred to that agency(s) for review and direct response to you.

☐        Page of documents in our files contain information furnished to the Secret Service by another government agency(s).  You will be advised directly by the Secret Service regarding the releasability of this information following our consultation with the other agency(s).

☐ Other:        .

☐ Fees:        .

If you disagree with our determination, you have the right of administrative appeal within 35 days by writing to Freedom of Information Appeal, Deputy Director, U.S. Secret Service, 245 Murray Drive, Building 410, Washington, DC 20223. If you do decide to file an administrative appeal, please explain the basis of your appeal.

Please use the file number indicated above in all future correspondence with the Secret Service.

Sincerely,

Peter Schurla
Acting Special Agent In Charge
Acting Freedom of Information &
Privacy Acts Officer

Enclosure:    FOIA and Privacy Act Exemption List

# Exhibit I

**DEPARTMENT OF HOMELAND SECURITY**
UNITED STATES SECRET SERVICE
WASHINGTON, D.C. 20223

Peter Schurla
Acting Special Agent in Charge
Freedom of Information and Privacy Acts Branch

United States Coast Guard
Donald G. Taylor
HQ USCG Commandant, CG-611
Washington, D.C. 20593-0001

JUL 23 20..

Requester:    Donald Friedman

File Number:    20060535

In processing the enclosed Freedom of Information and/or Privacy Acts request, the United States Secret Service (USSS) has located the following:

☒    Documents which originated within your agency that are being referred to you for review and direct response to the requester. If applicable, please advise us if the classification of your documents is changed so that we may amend our files. We will advise the requester that your agency will respond directly regarding this matter.

☐    Documents which originated within your agency that are being referred to you for review and direct response to the requester. If applicable, please advise us if the classification of your documents is changed so that we may amend our files. We will advise the requester that your agency will respond directly regarding this matter. Some of the documents contain deletions made by the USSS. The appropriate exemption appears adjacent to the redacted information. Please advise the requester they may appeal these denials by writing to: Information Appeal, Deputy Director, U.S. Secret Service, 245 Murray Drive, Building 410, Washington, D.C. 20223.

☐    USSS documents which contain information that originated within your agency. Please review this information [bracketed in red] and return the documents to us, making any necessary deletions, and cite any exemptions claimed. Also enclose a copy of your agency appeal procedures so that we may include them in our final response to the requester.

☐    USSS documents which contain information that originated within your agency. Please process this information [bracketed in red] and respond directly to the requester. The remaining portions of the USSS documents have been processed and may be released by your agency. The requester has been provided a duplicate of these documents excluding the information which originated within your agency. In addition, the requester has been provided appeal rights for any USSS exemptions claimed.

☐    Please furnish us a copy of your final response to the requester regarding these documents.

☐    Other:

A copy of the requester's initial letter and any other significant correspondence is enclosed.

If you have any questions concerning this referral, please contact FOI/PA Specialist Sabrina Burroughs at (202) 406-5838. Please refer to our file number listed above in any future contact concerning this case.

Enclosure(s)

# Exhibit J

**DEPARTMENT OF HOMELAND SECURITY**
UNITED STATES SECRET SERVICE
WASHINGTON, D.C. 20223

Peter Schurla
Acting Special Agent in Charge
Freedom of Information and Privacy Acts Branch

Department of Energy                                    JUL 23 ---
Abel Lopez
Director, FOIA/PA Division, ME-73
1000 Independence Avenue, S.W.
Washington, D.C.. 20585

Requester:     Donald Friedman

File Number:     20060535

In processing the enclosed Freedom of Information and/or Privacy Acts request, the United States Secret Service
(USSS) has located the following:

☒     Documents which originated within your agency that are being referred to you for review and direct response
to the requester. If applicable, please advise us if the classification of your documents is changed so that we may amend
our files. We will advise the requester that your agency will respond directly regarding this matter.

☐     Documents which originated within your agency that are being referred to you for review and direct response
to the requester. If applicable, please advise us if the classification of your documents is changed so that we may amend
our files. We will advise the requester that your agency will respond directly regarding this matter. Some of the
documents contain deletions made by the USSS. The appropriate exemption appears adjacent to the redacted
information. Please advise the requester they may appeal these denials by writing to: Information Appeal, Deputy
Director, U.S. Secret Service, 245 Murray Drive, Building 410, Washington, D.C. 20223.

☐     USSS documents which contain information that originated within your agency. Please review this information
[bracketed in red] and return the documents to us, making any necessary deletions, and cite any exemptions claimed.
Also enclose a copy of your agency appeal procedures so that we may include them in our final response to the
requester.

☐     USSS documents which contain information that originated within your agency. Please process this
information [bracketed in red] and respond directly to the requester. The remaining portions of the USSS documents
have been processed and may be released by your agency. The requester has been provided a duplicate of these
documents excluding the information which originated within your agency. In addition, the requester has been provided
appeal rights for any USSS exemptions claimed.

☐     Please furnish us a copy of your final response to the requester regarding these documents.

☐     Other:

A copy of the requester's initial letter and any other significant correspondence is enclosed.

If you have any questions concerning this referral, please contact FOI/PA Specialist Sabrina Burroughs at (202) 406-
5838. Please refer to our file number listed above in any future contact concerning this case.

Enclosure(s)

# Exhibit K

**DEPARTMENT OF HOMELAND SECURITY**
UNITED STATES SECRET SERVICE
WASHINGTON, D.C. 20223

Peter Schurla
Acting Special Agent in Charge
Freedom of Information and Privacy Acts Branch

JUL 2 5 ...

Air Force
John Espinal
HAF/ICIOD (FOIA)
1000 Air Force Pentagon
Washington, DC  20330-1000

Requester:     Donald Friedman

File Number:    20060535

In processing the enclosed Freedom of Information and/or Privacy Acts request, the United States Secret Service (USSS) has located the following:

☐     Documents which originated within your agency that are being referred to you for review and direct response to the requester. If applicable, please advise us if the classification of your documents is changed so that we may amend our files. We will advise the requester that your agency will respond directly regarding this matter.

☐     Documents which originated within your agency that are being referred to you for review and direct response to the requester. If applicable, please advise us if the classification of your documents is changed so that we may amend our files. We will advise the requester that your agency will respond directly regarding this matter. Some of the documents contain deletions made by the USSS. The appropriate exemption appears adjacent to the redacted information. Please advise the requester they may appeal these denials by writing to: Information Appeal, Deputy Director, U.S. Secret Service, 245 Murray Drive, Building 410, Washington, D.C. 20223.

☐     USSS documents which contain information that originated within your agency. Please review this information [bracketed in red] and return the documents to us, making any necessary deletions, and cite any exemptions claimed. Also enclose a copy of your agency appeal procedures so that we may include them in our final response to the requester.

☒     USSS documents which contain information that originated within your agency. Please process this information [bracketed in red] and respond directly to the requester. The remaining portions of the USSS documents have been processed and may be released by your agency. The requester has been provided a duplicate of these documents excluding the information which originated within your agency. In addition, the requester has been provided appeal rights for any USSS exemptions claimed.

☐     Please furnish us a copy of your final response to the requester regarding these documents.

☐     Other:

A copy of the requester's initial letter and any other significant correspondence is enclosed.

If you have any questions concerning this referral, please contact FOI/PA Specialist Sabrina Burroughs at (202) 406-5838. Please refer to our file number listed above in any future contact concerning this case.

Enclosure(s)

# Exhibit L

**DEPARTMENT OF HOMELAND SECURITY**
UNITED STATES SECRET SERVICE
WASHINGTON, D.C. 20223

Peter Schurla
Acting Special Agent in Charge
Freedom of Information and Privacy Acts Branch

Navy
Doris M. Lama
Head, DONPA/FOIA Policy Branch
CNO (DNS-36)
2000 Navy Pentagon
Washington, D.C. 20350-2000

JUL 2 3 2007

Requester:    Donald Friedman

File Number:    20060535

In processing the enclosed Freedom of Information and/or Privacy Acts request, the United States Secret Service (USSS) has located the following:

☒    Documents which originated within your agency that are being referred to you for review and direct response to the requester. If applicable, please advise us if the classification of your documents is changed so that we may amend our files. We will advise the requester that your agency will respond directly regarding this matter.

☐    Documents which originated within your agency that are being referred to you for review and direct response to the requester. If applicable, please advise us if the classification of your documents is changed so that we may amend our files. We will advise the requester that your agency will respond directly regarding this matter. Some of the documents contain deletions made by the USSS. The appropriate exemption appears adjacent to the redacted information. Please advise the requester they may appeal these denials by writing to: Information Appeal, Deputy Director, U.S. Secret Service, 245 Murray Drive, Building 410, Washington, D.C. 20223.

☐    USSS documents which contain information that originated within your agency. Please review this information [bracketed in red] and return the documents to us, making any necessary deletions, and cite any exemptions claimed. Also enclose a copy of your agency appeal procedures so that we may include them in our final response to the requester.

☐    USSS documents which contain information that originated within your agency. Please process this information [bracketed in red] and respond directly to the requester. The remaining portions of the USSS documents have been processed and may be released by your agency. The requester has been provided a duplicate of these documents excluding the information which originated within your agency. In addition, the requester has been provided appeal rights for any USSS exemptions claimed.

☐    Please furnish us a copy of your final response to the requester regarding these documents.

☐    Other:

A copy of the requester's initial letter and any other significant correspondence is enclosed.

If you have any questions concerning this referral, please contact FOI/PA Specialist Sabrina Burroughs at (202) 406-5838. Please refer to our file number listed above in any future contact concerning this case.

Enclosure(s)

# Exhibit M

**DEPARTMENT OF HOMELAND SECURITY**
UNITED STATES SECRET SERVICE
WASHINGTON, D.C. 20223

Peter Sehulla
Acting Special Agent in Charge
Freedom of Information and Privacy Acts Branch

JUL 2 5

Department of Homeland Security
Catherine M. Papoi, Acting Director
Privacy Office, Mail Stop 0550
245 Murray Lane, SW
Washingotn, D.C. 20528-0550

Requester:       Donald Friedman

File Number:     20060535

In processing the enclosed Freedom of Information and/or Privacy Acts request, the United States Secret Service (USSS) has located the following:

☒       Documents which originated within your agency that are being referred to you for review and direct response to the requester. If applicable, please advise us if the classification of your documents is changed so that we may amend our files. We will advise the requester that your agency will respond directly regarding this matter.

☐       Documents which originated within your agency that are being referred to you for review and direct response to the requester. If applicable, please advise us if the classification of your documents is changed so that we may amend our files. We will advise the requester that your agency will respond directly regarding this matter. Some of the documents contain deletions made by the USSS. The appropriate exemption appears adjacent to the redacted information. Please advise the requester they may appeal these denials by writing to: Information Appeal, Deputy Director, U.S. Secret Service, 245 Murray Drive, Building 410, Washington, D.C. 20223.

☐       USSS documents which contain information that originated within your agency. Please review this information [bracketed in red] and return the documents to us, making any necessary deletions, and cite any exemptions claimed. Also enclose a copy of your agency appeal procedures so that we may include them in our final response to the requester.

☐       USSS documents which contain information that originated within your agency. Please process this information [bracketed in red] and respond directly to the requester. The remaining portions of the USSS documents have been processed and may be released by your agency. The requester has been provided a duplicate of these documents excluding the information which originated within your agency. In addition, the requester has been provided appeal rights for any USSS exemptions claimed.

☐       Please furnish us a copy of your final response to the requester regarding these documents.

☐       Other:

A copy of the requester's initial letter and any other significant correspondence is enclosed.

If you have any questions concerning this referral, please contact FOI/PA Specialist Sabrina Burroughs at (202) 406-5838. Please refer to our file number listed above in any future contact concerning this case.

Enclosure(s)

# Exhibit N

**DEPARTMENT OF HOMELAND SECURITY**
UNITED STATES SECRET SERVICE
WASHINGTON, D.C. 20223

Peter Schurla
Acting Special Agent in Charge
Freedom of Information and Privacy Acts Branch

JUL 23 2007

Department of Justice
Patricia D. Harris, Management Analyst
FOIA/PA  Mail Referral Unit
Room 1070, National Place Building
Washington, D.C. 20530-0001

Requester:    Donald Friedman

File Number:    20060535

In processing the enclosed Freedom of Information and/or Privacy Acts request, the United States Secret Service (USSS) has located the following:

☒    Documents which originated within your agency that are being referred to you for review and direct response to the requester.  If applicable, please advise us if the classification of your documents is changed so that we may amend our files.  We will advise the requester that your agency will respond directly regarding this matter.

☐    Documents which originated within your agency that are being referred to you for review and direct response to the requester.  If applicable, please advise us if the classification of your documents is changed so that we may amend our files.  We will advise the requester that your agency will respond directly regarding this matter.  Some of the documents contain deletions made by the USSS.  The appropriate exemption appears adjacent to the redacted information.  Please advise the requester they may appeal these denials by writing to:  Information Appeal, Deputy Director, U.S. Secret Service, 245 Murray Drive, Building 410, Washington, D.C. 20223.

☐    USSS documents which contain information that originated within your agency.  Please review this information [bracketed in red] and return the documents to us, making any necessary deletions, and cite any exemptions claimed.  Also enclose a copy of your agency appeal procedures so that we may include them in our final response to the requester.

☐    USSS documents which contain information that originated within your agency.  Please process this information [bracketed in red] and respond directly to the requester.  The remaining portions of the USSS documents have been processed and may be released by your agency.  The requester has been provided a duplicate of these documents excluding the information which originated within your agency.  In addition, the requester has been provided appeal rights for any USSS exemptions claimed.

☐    Please furnish us a copy of your final response to the requester regarding these documents.

☐    Other:

A copy of the requester's initial letter and any other significant correspondence is enclosed.

If you have any questions concerning this referral, please contact FOI/PA Specialist Sabrina Burroughs at (202) 406-5838.  Please refer to our file number listed above in any future contact concerning this case.

Enclosure(s)

# Exhibit O

**DEPARTMENT OF HOMELAND SECURITY**
UNITED STATES SECRET SERVICE
WASHINGTON, D.C. 20223

Peter Schurla
Acting Special Agent In Charge
Freedom of Information and Privacy Acts Branch

JUL 2 3

Army
Robert Dickerson
Freedom of Information and Privacy Acts Division
Attn: AHRC-PDD-FP
7701 Telegragh Road
Alexandria, VA  22315-3860

Requester:    Doanld Friedman

File Number:    20060535

In processing the enclosed Freedom of Information and/or Privacy Acts request, the United States Secret Service (USSS) has located the following:

☒    Documents which originated within your agency that are being referred to you for review and direct response to the requester.  If applicable, please advise us if the classification of your documents is changed so that we may amend our files.  We will advise the requester that your agency will respond directly regarding this matter.

☐    Documents which originated within your agency that are being referred to you for review and direct response to the requester.  If applicable, please advise us if the classification of your documents is changed so that we may amend our files.  We will advise the requester that your agency will respond directly regarding this matter.  Some of the documents contain deletions made by the USSS.  The appropriate exemption appears adjacent to the redacted information.  Please advise the requester they may appeal these denials by writing to:  Information Appeal, Deputy Director, U.S. Secret Service, 245 Murray Drive, Building 410, Washington, D.C. 20223.

☐    USSS documents which contain information that originated within your agency.  Please review this information [bracketed in red] and return the documents to us, making any necessary deletions, and cite any exemptions claimed.  Also enclose a copy of your agency appeal procedures so that we may include them in our final response to the requester.

☐    USSS documents which contain information that originated within your agency.  Please process this information [bracketed in red] and respond directly to the requester.  The remaining portions of the USSS documents have been processed and may be released by your agency.  The requester has been provided a duplicate of these documents excluding the information which originated within your agency.  In addition, the requester has been provided appeal rights for any USSS exemptions claimed.

☐    Please furnish us a copy of your final response to the requester regarding these documents.

☐    Other:

A copy of the requester's initial letter and any other significant correspondence is enclosed.

If you have any questions concerning this referral, please contact FOI/PA Specialist Sabrina Burroughs at (202) 406-5838.  Please refer to our file number listed above in any future contact concerning this case.

Enclosure(s)

# Exhibit P

**DEPARTMENT OF HOMELAND SECURITY**
UNITED STATES SECRET SERVICE
WASHINGTON, D.C. 20223

Peter Schurla
Acting Special Agent in Charge
Freedom of Information and Privacy Acts Branch

Federal Aviation Administration
Harry Olmsted, Manager
National FOIA Staff, ARC-40
800 Independence Avenue, S.W.
Washington, D.C. 20591

JUL 23 2007

| | |
|---|---|
| Requester: | Donald Friedman |
| File Number: | 20060535 |

In processing the enclosed Freedom of Information and/or Privacy Acts request, the United States Secret Service (USSS) has located the following:

☐    Documents which originated within your agency that are being referred to you for review and direct response to the requester. If applicable, please advise us if the classification of your documents is changed so that we may amend our files. We will advise the requester that your agency will respond directly regarding this matter.

☐    Documents which originated within your agency that are being referred to you for review and direct response to the requester. If applicable, please advise us if the classification of your documents is changed so that we may amend our files. We will advise the requester that your agency will respond directly regarding this matter. Some of the documents contain deletions made by the USSS. The appropriate exemption appears adjacent to the redacted information. Please advise the requester they may appeal these denials by writing to: Information Appeal, Deputy Director, U.S. Secret Service, 245 Murray Drive, Building 410, Washington, D.C. 20223.

☐    USSS documents which contain information that originated within your agency. Please review this information [bracketed in red] and return the documents to us, making any necessary deletions, and cite any exemptions claimed. Also enclose a copy of your agency appeal procedures so that we may include them in our final response to the requester.

☒    USSS documents which contain information that originated within your agency. Please process this information [bracketed in red] and respond directly to the requester. The remaining portions of the USSS documents have been processed and may be released by your agency. The requester has been provided a duplicate of these documents excluding the information which originated within your agency. In addition, the requester has been provided appeal rights for any USSS exemptions claimed.

☐    Please furnish us a copy of your final response to the requester regarding these documents.

☐    Other:

A copy of the requester's initial letter and any other significant correspondence is enclosed.

If you have any questions concerning this referral, please contact FOI/PA Specialist Sabrina Burroughs at (202) 406-5838. Please refer to our file number listed above in any future contact concerning this case.

Enclosure(s)

# Exhibit Q

**DEPARTMENT OF HOMELAND SECURITY**
UNITED STATES SECRET SERVICE
WASHINGTON, D.C. 20223

Peter Schurla
Acting Special Agent in Charge
Freedom of Information and Privacy Acts Branch

Department of Defense
Karen M. Finnegan
Office of Freedom of Information
1155 Defense Pentagon
Washington, D.C. 20301-1155

Requester:    Donald Friedman

File Number:    20060535

In processing the enclosed Freedom of Information and/or Privacy Acts request, the United States Secret Service (USSS) has located the following:

☒    Documents which originated within your agency that are being referred to you for review and direct response to the requester. If applicable, please advise us if the classification of your documents is changed so that we may amend our files. We will advise the requester that your agency will respond directly regarding this matter.

☐    Documents which originated within your agency that are being referred to you for review and direct response to the requester. If applicable, please advise us if the classification of your documents is changed so that we may amend our files. We will advise the requester that your agency will respond directly regarding this matter. Some of the documents contain deletions made by the USSS. The appropriate exemption appears adjacent to the redacted information. Please advise the requester they may appeal these denials by writing to: Information Appeal, Deputy Director, U.S. Secret Service, 245 Murray Drive, Building 410, Washington, D.C. 20223.

☐    USSS documents which contain information that originated within your agency. Please review this information [bracketed in red] and return the documents to us, making any necessary deletions, and cite any exemptions claimed. Also enclose a copy of your agency appeal procedures so that we may include them in our final response to the requester.

☒    USSS documents which contain information that originated within your agency. Please process this information [bracketed in red] and respond directly to the requester. The remaining portions of the USSS documents have been processed and may be released by your agency. The requester has been provided a duplicate of these documents excluding the information which originated within your agency. In addition, the requester has been provided appeal rights for any USSS exemptions claimed.

☐    Please furnish us a copy of your final response to the requester regarding these documents.

☐    Other:

A copy of the requester's initial letter and any other significant correspondence is enclosed.

If you have any questions concerning this referral, please contact FOI/PA Specialist Sabrina Burroughs at (202) 406-5838. Please refer to our file number listed above in any future contact concerning this case.

Enclosure(s)

# Exhibit R

**DEPARTMENT OF HOMELAND SECURITY**
UNITED STATES SECRET SERVICE
WASHINGTON, D.C. 20223

Craig W. Ulmer
Special Agent in Charge
Freedom of Information and Privacy Acts Branch

Defense Threat Reduction Agency                                    AUG 1 0 2007
Brenda Carter
COSMI (FOIA)
8725 John J. Kngman Road
Fort Belvoir, VA 22060-6201

Requester:      Doanld Friedman

File Number:    20060535

In processing the enclosed Freedom of Information and/or Privacy Acts request, the United States Secret Service (USSS) has located the following:

☒       Documents which originated within your agency that are being referred to you for review and direct response to the requester. If applicable, please advise us if the classification of your documents is changed so that we may amend our files. We will advise the requester that your agency will respond directly regarding this matter.

☐       Documents which originated within your agency that are being referred to you for review and direct response to the requester. If applicable, please advise us if the classification of your documents is changed so that we may amend our files. We will advise the requester that your agency will respond directly regarding this matter. Some of the documents contain deletions made by the USSS. The appropriate exemption appears adjacent to the redacted information. Please advise the requester they may appeal these denials by writing to: Information Appeal, Deputy Director, U.S. Secret Service, 245 Murray Drive, Building 410, Washington, D.C. 20223.

☐       USSS documents which contain information that originated within your agency. Please review this information [bracketed in red] and return the documents to us, making any necessary deletions, and cite any exemptions claimed. Also enclose a copy of your agency appeal procedures so that we may include them in our final response to the requester.

☐       USSS documents which contain information that originated within your agency. Please process this information [bracketed in red] and respond directly to the requester. The remaining portions of the USSS documents have been processed and may be released by your agency. The requester has been provided a duplicate of these documents excluding the information which originated within your agency. In addition, the requester has been provided appeal rights for any USSS exemptions claimed.

☐       Please furnish us a copy of your final response to the requester regarding these documents.

☒       Other: The United States Secret Service has redacted staff names pursuant to exemption B7C. Please find enclosed, a copy of the FOIA and Privacy Act Exemption list.

A copy of the requester's initial letter and any other significant correspondence is enclosed.

If you have any questions concerning this referral, please contact FOI/PA Specialist Sabrina Burroughs at (202) 406-5838. Please refer to our file number listed above in any future contact concerning this case.

Enclosure(s)

# Exhibit S

**DEPARTMENT OF HOMELAND SECURITY**
UNITED STATES SECRET SERVICE
WASHINGTON, D.C. 20223

Craig W. Ulmer
Special Agent in Charge
Freedom of Information and Privacy Acts Branch

Marine Corps
Teresa (Tracy) D. Ross                                    AUG 1 0 2007
FOIA/PA Coordinator
Headquarters, U.S. Marine Corps [CMC(ARSF)]
2 Navy Annex
Washington, D.C. 20380-1775

Requester:        Donald Friedman

File Number:      20060535

In processing the enclosed Freedom of Information and/or Privacy Acts request, the United States Secret Service (USSS) has located the following:

☒        Documents which originated within your agency that are being referred to you for review and direct response to the requester. If applicable, please advise us if the classification of your documents is changed so that we may amend our files. We will advise the requester that your agency will respond directly regarding this matter.

☐        Documents which originated within your agency that are being referred to you for review and direct response to the requester. If applicable, please advise us if the classification of your documents is changed so that we may amend our files. We will advise the requester that your agency will respond directly regarding this matter. Some of the documents contain deletions made by the USSS. The appropriate exemption appears adjacent to the redacted information. Please advise the requester they may appeal these denials by writing to: Information Appeal, Deputy Director, U.S. Secret Service, 245 Murray Drive, Building 410, Washington, D.C. 20223.

☐        USSS documents which contain information that originated within your agency. Please review this information [bracketed in red] and return the documents to us, making any necessary deletions, and cite any exemptions claimed. Also enclose a copy of your agency appeal procedures so that we may include them in our final response to the requester.

☐        USSS documents which contain information that originated within your agency. Please process this information [bracketed in red] and respond directly to the requester. The remaining portions of the USSS documents have been processed and may be released by your agency. The requester has been provided a duplicate of these documents excluding the information which originated within your agency. In addition, the requester has been provided appeal rights for any USSS exemptions claimed.

☐        Please furnish us a copy of your final response to the requester regarding these documents.

☐        Other:

A copy of the requester's initial letter and any other significant correspondence is enclosed.

If you have any questions concerning this referral, please contact FOI/PA Specialist Sabrina Burroughs at (202) 406-5838. Please refer to our file number listed above in any future contact concerning this case.

Enclosure(s)

# Exhibit T

**DEPARTMENT OF HOMELAND SECURITY**
UNITED STATES SECRET SERVICE
WASHINGTON, D.C. 20223

Craig W. Ulmer
Special Agent in Charge
Freedom of Information and Privacy Acts Branch

United States Air Force
Electronic Systems Center
Attn: Capt. Brad Panton                OCT 2 4 2007
ERSA Program Manager
Hanscom AFB, MA 01731

Requester:       Donald Friedman

File Number:     20060535

In processing the enclosed Freedom of Information and/or Privacy Acts request, the United States Secret Service (USSS) has located the following:

☒    Documents which originated within your agency that are being referred to you for review and direct response to the requester. If applicable, please advise us if the classification of your documents is changed so that we may amend our files. We will advise the requester that your agency will respond directly regarding this matter.

☐    Documents which originated within your agency that are being referred to you for review and direct response to the requester. If applicable, please advise us if the classification of your documents is changed so that we may amend our files. We will advise the requester that your agency will respond directly regarding this matter. Some of the documents contain deletions made by the USSS. The appropriate exemption appears adjacent to the redacted information. Please advise the requester they may appeal these denials by writing to: Information Appeal, Deputy Director, U.S. Secret Service, 245 Murray Drive, Building 410, Washington, D.C. 20223.

☐    USSS documents which contain information that originated within your agency. Please review this information [bracketed in red] and return the documents to us, making any necessary deletions, and cite any exemptions claimed. Also enclose a copy of your agency appeal procedures so that we may include them in our final response to the requester.

☐    USSS documents which contain information that originated within your agency. Please process this information [bracketed in red] and respond directly to the requester. The remaining portions of the USSS documents have been processed and may be released by your agency. The requester has been provided a duplicate of these documents excluding the information which originated within your agency. In addition, the requester has been provided appeal rights for any USSS exemptions claimed.

☐    Please furnish us a copy of your final response to the requester regarding these documents.

☐    Other:

A copy of the requester's initial letter and any other significant correspondence is enclosed.

If you have any questions concerning this referral, please contact FOI/PA Assistant Disclosure Officer, Donald Hawkins at (202) 406-5838. Please refer to our file number listed above in any future contact concerning this case.

After you have reviewed the attached documents and have made a determination, regarding the releasability thereof, please send the documents back to David Knowles at Communication Center (TSD) 245 Murray Dr., SW, Bldg., 410, Washington, DC 20223.

Enclosure(s)

BCC:    Official File (177.060/177.070)
        Chron. File
        Subject File

10/23/2007

# Exhibit U



**DEPARTMENT OF HOMELAND SECURITY**
UNITED STATES SECRET SERVICE
WASHINGTON, D.C. 20223

Freedom of Information and Privacy Acts Branch
245 Murray Drive
Building 410
Washington, D.C. 20223

Donald Friedman                                          OCT 1 1 2007
1301 Fourth Street
Napa, CA 94559-3015


File Number: 20060535


Dear Requester:

Reference is made to your Freedom of Information and/or Privacy Acts request originally received by the United States Secret Service (USSS) on October 16, 2006, for information pertaining to Directed Energy Weapons etc.

On July 23, 2007, this office responded to your request, releasing copies of documents with redactions and the withholdings of other documents in their entirety, pursuant to the appropriate exemption(s). After a further review of all responsive documents, we are conducting a re-release of the aforementioned documents to you.

Enclosed are copies of documents from Secret Service records. The referenced material was considered under the Freedom of Information Act, Title 5, United States Code, Section 552 and/or the Privacy Act, Title 5, United States Code, Section 552a. Pursuant to the Acts, exemptions have been applied where deemed appropriate. The exemptions cited are marked below.

In addition, approximately 454 page(s) have been withheld in their entirety. An enclosure to this letter explains the exemptions in more detail.

☒ If this boxed is checked, deletions were made pursuant to the exemptions indicated below.

### Section 552 (FOIA)

| | | |
|---|---|---|
| ☒ (b) (1) | ☒ (b) (2) | ☐ (b) (3) Statute: |
| ☒ (b) (4) | ☒ (b) (5) | ☒ (b) (6)    ☐ (b) (7) (A)    ☐ (b) (7) (B) |
| ☒ (b) (7) (C) | ☐ (b) (7) (D) | ☒ (b) (7) (E)    ☐ (b) (7) (F)    ☐ (b) (8) |

### Section 552a (Privacy Act)

☐ (d) (5)    ☐ (j) (2)    ☐ (k) (1)    ☐ (k) (2)    ☐ (k) (3)    ☐ (k) (5)    ☐ (k) (6)

The following checked item(s) also apply to your request:

☐ Some documents originated with another government agency(s). These documents were referred to that agency(s) for review and direct response to you.

☐     Page of documents in our files contain information furnished to the Secret Service by another government agency(s). You will be advised directly by the Secret Service regarding the releasability of this information following our consultation with the other agency(s).

☐  Other:    .

☐  Fees:    .

If you disagree with our determination, you have the right of administrative appeal within 35 days by writing to Freedom of Information Appeal, Deputy Director, U.S. Secret Service, 245 Murray Drive, Building 410, Washington, DC 20223. If you do decide to file an administrative appeal, please explain the basis of your appeal.

Please use the file number indicated above in all future correspondence with the Secret Service.

Sincerely,

Craig W. Ulmer
Special Agent In Charge
Freedom of Information &
Privacy Acts Officer

Enclosure:    FOIA and Privacy Act Exemption List

# Exhibit V



**DEPARTMENT OF HOMELAND SECURITY**
UNITED STATES SECRET SERVICE
WASHINGTON, D.C. 20223

Freedom of Information and Privacy Acts Branch
245 Murray Drive
Building 410
Washington, D.C. 20223

OCT 2 4 2007

Donald Friedman
1301 Fourth Street
Napa, CA 94559-3015

File Number: 20060535

Dear Requester:

Reference is made to your Freedom of Information and/or Privacy Acts request originally received by the United States Secret Service (USSS) on October 16, 2006, for information pertaining to Directed Energy Weapons etc.

On July 23, 2007, this office responded to your request, releasing copies of documents with redactions and the withholdings of other documents in their entirety, pursuant to the appropriate exemption(s). After a further review of all responsive documents, we have determined that our initial letter indicating 454 pages were withheld in-full, was wrong. Many of these documents were released to you in our initial response with redactions. The correct number of documents withheld in full is 369. Due to this mistake, we are releasing to you all responsive documents, including seven additional pages that were not released to you in our initial response

Enclosed are copies of documents from Secret Service records. The referenced material was considered under the Freedom of Information Act, Title 5, United States Code, Section 552 and/or the Privacy Act, Title 5, United States Code, Section 552a. Pursuant to the Acts, exemptions have been applied where deemed appropriate. The exemptions cited are marked below.

In addition, approximately 369 page(s) have been withheld in their entirety. An enclosure to this letter explains the exemptions in more detail.

☒ If this boxed is checked, deletions were made pursuant to the exemptions indicated below.

### Section 552 (FOIA)

☒ (b) (1)     ☒ (b) (2)     ☐ (b) (3) Statute: ____
☒ (b) (4)     ☒ (b) (5)     ☒ (b) (6)     ☐ (b) (7) (A)     ☐ (b) (7) (B)
☒ (b) (7) (C)     ☐ (b) (7) (D)     ☒ (b) (7) (E)     ☐ (b) (7) (F)     ☐ (b) (8)

### Section 552a (Privacy Act)

☐ (d) (5)     ☐ (j) (2)     ☐ (k) (1)     ☐ (k) (2)     ☐ (k) (3)     ☐ (k) (5)     ☐ (k) (6)

The following checked item(s) also apply to your request:

☐ Some documents originated with another government agency(s). These documents were referred to that agency(s) for review and direct response to you.

☐      Page of documents in our files contain information furnished to the Secret Service by another government agency(s).  You will be advised directly by the Secret Service regarding the releasability of this information following our consultation with the other agency(s).

☐  Other:

☐  Fees:

If you disagree with our determination, you have the right of administrative appeal within 35 days by writing to Freedom of Information Appeal, Deputy Director, U.S. Secret Service, 245 Murray Drive, Building 410, Washington, DC 20223. If you do decide to file an administrative appeal, please explain the basis of your appeal.

Please use the file number indicated above in all future correspondence with the Secret Service.

Sincerely,

Craig W. Ulmer
Special Agent In Charge
Freedom of Information &
Privacy Acts Officer

Enclosure:    FOIA and Privacy Act Exemption List

BCC:    Official File (177.060/177.070)
        Chron. File
        Subject File
        DOJ
        AIR FORCE
        ARMY
        NAVY
        DHS
        USCG
        DOD
        ENERGY

10/24/2007

DOCUMENT2



FILED

2001 JAN -4 PM 3: 16

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DONALD FRIEDMAN,                                    No. C 00-02151 WHA

        Plaintiff,

    v.                                          ORDER DISMISSING CASE

DIRECTOR OF THE UNITED STATES
SECRET SERVICE, ALL AGENTS OF THE
UNITED STATES SECRET SERVICE, and
each of them, AN UNKNOWN NUMBER OF
AGENTS OF THE UNITED STATES
SECRET SERVICE, and each of them,
individually and in their official capacities,
UNITED STATES SECRET SERVICE, and
Does 1-499,

        Defendants.
_____/

       In this pro se action, plaintiff Donald Friedman alleges that the Secret Service has used

secret microwave technology to transmit sounds and words into the brains of himself and others,

to hypnotize them, causing them to perform involuntary acts, and to erase their memories.

Plaintiff supplies an "expert" declaration, borrowed from another somewhat similar case in the

Central District of California. It alleges in conclusory fashion that such technology exists. To

explain how such beams could continuously track and target moving and living things, like

plaintiff, the declaration avers, also in conclusory terms, that humans emit unique radiation

detectable like radio waves, i.e., humans emit their own tracking signals. In this manner,

plaintiff evidently believes, sincerely, that unidentified agents of the Secret Service have tracked

1  him and others and aimed their microwave transmitters at them so as to induce the involuntary

2  behavior complained of.

3      Insofar as this lawsuit seeks damages and injunctive relief under *Bivens* and the Federal

4  Tort Claim Act (or any law other than the FOIA), the Court finds the authorities provided by the

5  defendants compel dismissal. The case involving the "expert" declaration was dismissed as

6  frivolous. The magistrate judge cataloged (at pages 11-16 of the report and recommendation) a

7  long list of similar cases dismissed as frivolous involving parallel allegations. *Palmieri v.*

8  *United States*, CV 98-7092 WDK(E), Report and Recommendation Mar. 24, 1999 (C.D. Cal.

9  1999). For this reason and all the other defects cited by the government, these allegations must

10  be found frivolous as a matter of law. Leave to amend to cure the defects would be futile, and

11  therefore, will be denied. Insofar as this lawsuit seeks FOIA relief, the Court holds that the

12  agency has fully complied.

13      This case is dismissed. The Clerk shall close the file. Plaintiff is reminded of his time

14  limit to appeal (60 days from entry of judgment since a government agency is a party).

15

16  **IT IS SO ORDERED.**

17

18  Dated: January 4, 2001

19                               WILLIAM ALSUP
                             UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28

*United States District Court*
*For the Northern District of California*

2



1
2
3
4
5
6
7
8
9

FILED

2001 JAN -4 PM 3: 16

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST OF CA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10 DONALD FRIEDMAN,                                No. C 00-02151 WHA

11         Plaintiff,

12    v.                                            JUDGMENT

13 DIRECTOR OF THE UNITED STATES
   SECRET SERVICE, ALL AGENTS OF THE
14 UNITED STATES SECRET SERVICE, and
   each of them, AN UNKNOWN NUMBER OF
15 AGENTS OF THE UNITED STATES
   SECRET SERVICE, and each of them,
16 individually and in their official capacities,
   UNITED STATES SECRET SERVICE, and
17 Does 1-499,

18         Defendants.

19 _____

20    This case having been fully resolved by motion, judgment is entered for the defendants

21 and against the plaintiff as to all claims. The clerk shall close the file.

22
23
24
25 Dated: January 4, 2001

26                                          WILLIAM ALSUP
                                            UNITED STATES DISTRICT JUDGE
27
28

United States District Court
For the Northern District of California

for the
Northern District of California
January 4, 2001

* * CERTIFICATE OF SERVICE * *

Case Number:3:00-cv-02151

Friedman

vs

Director of the U.S.

I, the undersigned, hereby certify that I am an employee in the Office of
the Clerk, U.S. District Court, Northern District of California.

That on January 4, 2001, I SERVED a true and correct copy(ies) of
the attached, by placing said copy(ies) in a postage paid envelope
addressed to the person(s) hereinafter listed, by depositing said
envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office.

Donald Friedman
2006 West Texas St
Fairfield, CA 94533

Patricia J. Kenney, Esq.
U.S. Attorney's Office
Rm 107
450 Golden Gate Ave
P.O. Box 36055
San Francisco, CA 94102

Richard W. Wieking, Clerk

BY: _____
Deputy/Clerk

January 14, 2000

Mr. Kevin Foley
Deputy Director
United States Secret Service
1500 Pennsylvania Ave., N.W.
Washington, DC  20023

RE: FOIA and Privacy Act Appeal 980337

Dear Deputy Director Foley:

In response to your appeal denial letter dated October 4, 2000, I have some questions that I would like for you to answer for me, and I am asking you to reconsider your denial.

In the response I received from the Secret Service (to my request for information under the FOIA and the Privacy Act) the response listed many exemptions under the FOIA and one exemption under the Privacy Act. The exemption under the Privacy Act that the Secret Service used is (k)(3) (related to the protection of the President of the United States...) and no mention of those records was made by you in your denial of my appeal. Also, in the Vaughn index that you prepared for Ms. Patricia Keney, Assistant United States Attorney, you stated that the references to those records were no longer on the Secret Service's MCI computer system.

Since, at the time of my appeal, I believed that the information that I was requesting had not been intentionally tampered with (or the Protective Division records references deleted from the Secret Service's MCI computer system after they were disclosed to exist, but before you signed under penalty of perjury that they were not in the MCI computer system, and you claimed that because they were not in the computer they do not exist) I did not originally make a more specific request for the Secret Service to do a hand-search of the Protective Division records related to me in San Francisco, CA, Santa Barbara, CA, Salt Lake City, UT, Casper, WY (or the closest Protective Division repository for records generated in Casper, WY), and Washington, DC, but because I now know that the file reference information related to the Protective Division's activities related to me was deleted from the Secret Service's MCI computer system by Secret Service agents trying to hide their crimes, I am making that request now. I reside in the San Francisco Bay Area (and have for most of my life), and in each case of the other places, Secret Service agents did things that forced me to reside in each of the other locations.

Please consider the records found in each of those locations that are related to me to be part of my originally requested documents, and please handle them pursuant to my previous request (File Number 980337).

Thank you for your prompt attention to this matter.

Sincerely,

Donald Friedman
1525 Union Avenue
Fairfield, CA  94533
707-550-2951



## DEPARTMENT OF THE TREASURY
### UNITED STATES SECRET SERVICE
February 21, 2001

Donald Friedman
1525 Union Avenue
Fairfield, CA 94533

Re: Freedom of Information Act appeal, 980337

Dear Mr. Friedman:

Reference is made to your letter dated January 14, 2000, and received by the United States Secret Service on January 31, 2001, requesting reconsideration of the decision made on October 4, 2000, regarding Freedom of Information Act appeal, 980337.

On January 4, 2001, the United States District Court for the Northern District of California, U.S. District Judge, William Alsup entered a judgment in favor of the United States Secret Service dismissing all claims in this case. Accordingly, no further response from our agency is required.

Sincerely,

Kevin T. Foley
Deputy Director



1
2
3
4
5
6
7
8
9

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10  DONALD FRIEDMAN,                          No. C 01-628 WHA

11        Plaintiff,

12   v.                                        **ORDER DISMISSING CASE**

13  DIRECTOR OF THE UNITED STATES
    SECRET SERVICE, SECRETARY OF THE
14  TREASURY, UNITED STATES SECRET
    SERVICE, DEPARTMENT OF THE
15  TREASURY, DEPUTY DIRECTOR KEVIN
    T. FOLEY, AND DOES 1-50,
16
          Defendants.
17  _____/

18

19        In this pro se action, plaintiff Donald Friedman seeks "$50,000,000.00 plus ten times

20  that amount for punitive damages," declaratory relief, attorney's fees, and an injunction

21  compelling the United States Secret Service to produce documents pursuant to numerous

22  document requests he has made under the Freedom of Information Act, 5 U.S.C. 552, and the

23  Privacy Act, 5 U.S.C. 552a (Verified Compl. at 21–30). The document requests made by

24  plaintiff are related to document requests he made in an earlier case ("*Friedman I*"), in which he

25  alleged that the government was using microwave technology to erase his memory and beam

26  messages into his brain. In addition to the document requests litigated in *Friedman I*, however,

27  plaintiff has filed several other document requests (many of which are subdivided into separate

28

*United States District Court*
*For the Northern District of California*

1   requests), which are the subject of the instant action. This order holds that once again,

2   defendants have fully complied with the FOIA and Privacy Act.

3         The document requests at issue fall into four categories: (i) information relating to

4   plaintiff, (ii) information regarding hypnosis and technology used to transmit sound and images,

5   (iii) information pertaining to plaintiff's relatives, and (iv) information about litigation against

6   the Secret Service. Plaintiff also requested information on the Archivist of the Secret Service,

7   which defendants provided (Edwards Decl. ¶¶ 35–36; Exhs. 26–27). Plaintiff does not claim

8   that any documents relating to this request were wrongfully withheld (Opp. 5).

9         Most of plaintiff's requests for information about himself were already litigated. In

10   *Friedman I*, plaintiff sought to compel the production of all documents related to him pursuant

11   to the FOIA and the Privacy Act (First Amended FOIA and Privacy Act Verified Complaint,

12   dated October 1, 2000, at 29). The order dismissing *Friedman I* held that defendants had fully

13   complied with the FOIA and Privacy Act requests plaintiff then sought to enforce (Order

14   Dismissing Case, dated January 4, 2001, at 2). *Res judicata* prohibits plaintiff from revisiting

15   these requests.

16         The Court lacks jurisdiction over plaintiff's remaining requests for documents related to

17   himself. Defendants admit that as the result of *Friedman I*, they subsequently generated an

18   additional 1,500 pages of documents related to plaintiff. Pursuant to the Department of the

19   Treasury's regulations, defendants estimated the cost of reproducing these records at $300 and

20   offered to provide them to plaintiff, if plaintiff paid the $300 in advance. Plaintiff declined to

21   respond to the offer. Both the FOIA and Privacy Act require a person seeking information to

22   comply with agency regulations. 5 U.S.C. 552(a); 5 U.S.C. 552a(f). "Where no attempt to

23   comply fully with agency procedures has been made, the courts will assert their lack of

24   jurisdiction under the exhaustion doctrine." *In re Steele*, 799 F.2d 461, 466 (9th Cir. 1986).

25   Agency regulations provide that the Department of Treasury may require a person seeking

26   information to pay his or her copying costs in advance, when the estimated costs exceed $250.

27   31 C.F.R. 1.7. Since plaintiff has not complied with this requirement, his claim regarding the

28   1,500 pages of material is unexhausted, and the Court therefore lacks jurisdiction over it.

United States District Court
For the Northern District of California

2

1 Defendants have complied with plaintiff's requests regarding hypnosis-related

2 documents and documents pertaining to his relatives. Defendants have stated that they have no

3 documents regarding methods to remotely monitor, augment, duplicate, alter, or project

4 thoughts or images using electromagnetic radiation (Edwards Decl. ¶¶ 33–34). After searching

5 the Secret Service's Master Central Index, a computer index used by all the field offices of the

6 Secret Service, defendants found no documents responsive to plaintiff's requests for documents

7 regarding his family members (Edwards Supp. Decl. ¶¶ 2–5). Defendants have provided a

8 declaration that specifies the locations searched and how the searches were performed,

9 adequately demonstrating that this request was properly addressed. *Citizens Comm'n on*

10 *Human Rights v. Food and Drug Admin.*, 45 F.3d 1325, 1328 (9th Cir. 1995). At oral

11 argument, plaintiff argued that defendants failed to comply with his request because they

12 searched by computer rather than by hand. The FOIA, however, provides that "the term

13 'search' means to review manually, *or by automated means*, agency records for the purpose of

14 locating those records responsive to a request." 5 U.S.C. 552(a)(3)(D) (emphasis added).

15 Searching the computer index used by all field offices was a reasonable search. The Court finds

16 that no documents related to these two categories of information were improperly withheld.

17 Last, plaintiff seeks the production of all records (Verified Compl. at 19):

18 related to each of the past and present civil and criminal cases that
 have been filed against the United States Secret Service
19 (including all divisions, with absolutely no exceptions) or any of
 its past or present agents, servants, members, or employees that in
20 any possible way are related to and/or are alleged by any plaintiff,
 defendant, or counsel in any of the filed case to be related to: any
21 Secret Service protective division activities, any investigation,
 any monitoring, any surveillance . . ., any unlawful activity.

22
 This portion of the complaint is based upon several consolidated requests, which defendants
23
 rejected as overly broad and unreasonably burdensome in violation of the Department of the
24
 Treasury's regulations.
25
 Citing *Sears v. Gottschalk*, 502 F.2d 122 (4th Cir. 1974), plaintiff argues that the
26
 breadth of his request and the corresponding burden it places on the government does not
27
 invalidate it. The Ninth Circuit, however, has stated that "broad, sweeping requests" such as
28
 plaintiff's are not permissible. *Marks v. United States*, 578 F.2d 261, 263 (9th Cir. 1978); *see*

3

1    *also Nation Magazine, Washington Bureau v. United States Customs Service*, 71 F.3d 885,

2    891–92 (D.C. Cir. 1995) (request "to search through 23 years of unindexed files" overly broad

3    and burdensome). Plaintiff's request is almost limitless. Moreover, it is unreasonably onerous.

4    According to the special agent in charge of FOIA requests for the Secret Service, because some

5    of the case files sought date back over 20 years, and because the Office of the Chief Counsel

6    does not maintain a complete list of closed cases, processing this request would place an

7    inordinate burden on agency resources and consume "well over a month" (Edwards Decl. ¶ 57).

8    In response to the different versions of this request, defendants asked plaintiff to narrow the

9    scope of what he was seeking. While plaintiff amended this request several times, he did

10    nothing to meaningfully narrow it (Edwards Decl., Exhs. 39–48). Defendants' response to this

11    request was all that the law required. Plaintiff's request for review under the Administrative

12    Procedure Act, 5 U.S.C. 701 et seq., of defendants' determination not to waive his fees for

13    copying documents pursuant to this request is therefore moot.

14      For the foregoing reasons, this action is **DISMISSED**. The Clerk shall close the file.

15

16    **IT IS SO ORDERED.**

17

18    Dated: July 19, 2001.

19                       WILLIAM ALSUP
                             UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

4

F I L E D    C O P Y

dt

United States District Court
for the
Northern District of California
July 20, 2001

* * CERTIFICATE OF SERVICE * *

Case Number:3:01-cv-00628

Friedman

   vs

Director of the US

I, the undersigned, hereby certify that I am an employee in the Office of
the Clerk, U.S. District Court, Northern District of California.

That on  July 20, 2001, I SERVED a true and correct copy(ies) of
the attached, by placing said copy(ies) in a postage paid envelope
addressed to the person(s) hereinafter listed, by depositing said
envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office.

         Patricia Kenney
         US Attorney's Office
         450 Golden Gate AVe
         San Francisco, CA 94102

         Donald Friedman
         1525 Union Avenue
         Fairfield, CA  94533

                              Richard W. Wieking, Clerk

                         BY: _____
                              Deputy Clerk



2001 JUL 19 PI 3: 57

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DONALD FRIEDMAN,                              No. C 01-628 WHA

　　　　　　　Plaintiff,

　　v.                                        **JUDGMENT**

DIRECTOR OF THE UNITED STATES
SECRET SERVICE, SECRETARY OF THE
TREASURY, UNITED STATES SECRET
SERVICE, DEPARTMENT OF THE
TREASURY, DEPUTY DIRECTOR KEVIN
T. FOLEY, AND DOES 1-50,

　　　　　　　Defendant.
　　　　　　　　　　　　　　　　　　　　／

　　　　For the reasons stated in the accompanying order dismissing complaint, **JUDGMENT
IS ENTERED** in favor of defendants.

　　　　The Clerk of the Court shall **CLOSE** the file.


　　　　**IT IS SO ORDERED.**


Dated: July 19, 2001.

　　　　　　　　　　　　　　　　　　　WILLIAM ALSUP
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

*(left margin, vertical)* United States District Court · For the Northern District of California