**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| DONALD FRIEDMAN, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 06-2125 (RWR) |
| UNITED STATES SECRET SERVICE, | : |
| Defendants. | : |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on defendant's motion for summary judgment. Based on its review of defendant's motion, plaintiff's opposition, and the entire record of this case, the Court will deny the motion without prejudice.[1]

I.   BACKGROUND

In September 2006, plaintiff submitted a request for information to the United States Secret Service ("Secret Service") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Complaint ¶ 6. The request sought:

> Any and all files, records, documents, information, photos, research materials (incl. results), and purchasing and any other contract-related information related to or referring to any U.S. Secret Service

---

[1] In addition, the Court will deny without prejudice plaintiff's motion for *in camera* review of records, and will grant *nunc pro tunc* defendant's motion for an extension of time to file its Reply.

1

>>development of, acquisition of, installation of, <u>deployment of</u>, testing of, research related to, and/or investigation or evaluation of the capabilities, properties, and/or effects of any:
>>
>>>1) <u>directed energy weapons or systems</u> (incl. any and all parts or components thereof); and/or
>>>2) directed energy devices or systems (incl. any and all parts or components thereof); and/or
>>>3) electromagnetic radiation-emitting devices or systems (incl. any and all parts or componants [sic] thereof) which are capable of causing any injury or perception of physical pain in any person who is hit or struck by the device's or system's emissions.

*Id.*, Ex. A (September 1, 2006 FOIA request) at 1-2 (emphasis added). Plaintiff's subsequent correspondence provided further explanation of the phrases "directed energy weapons and/or systems" and "deployment of." *See id.*, Ex. B-C (respectively, September 9, 2006 letter at 1-2 and September 29, 2006 letter at 1-2). Further, plaintiff explained that his request "<u>includes</u> searching the one or more mobile units/vehicles, which have been within directed-energy weapon, system, or device range of [plaintiff], which agency personnel have been using to transport the various directed-energy weapons, systems, and devices and the wall-penetrating surveillance/targetting equipment [the Secret Service has] been criminally misusing on [him] on a daily basis since 2/25/07." Defendant's Memorandum of Points and Authorities in Support [of its] Motion for Summary Judgment, Declaration of

2

Craig W. Ulmer ("Ulmer I Decl.") ¶ 10 & Ex. F (January 31, 2007 letter) at 2 (emphasis in original).

Searches of the Master Central Index and of paper and computer records maintained by the Secret Service's Intelligence, Investigative Support, and Uniformed Divisions produced no responsive records. Ulmer I Decl. ¶¶ 15-16. The Office of Human Resources and Training conducted no training on weapons described in plaintiff's FOIA request, and, therefore, that office maintained no responsive records. *Id.* ¶ 16. A search of the Technical Security Division's paper records and internal e-mail network did locate records. *Id.* ¶ 17. The Secret Service released an unspecified number of pages of records to plaintiff in July and October 2007. *Id.* ¶ 19, 32-33 & Ex. H, U-V.

## II.   DISCUSSION

### A.   *Summary Judgment Standard*

The Court may grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits or declarations, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Factual assertions in the moving party's affidavits or declarations may

be accepted as true unless the opposing party submits his own affidavits or declarations or documentary evidence to the contrary.  *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992).  In a FOIA case, the Court may grant summary judgment based on the information provided in affidavits or declarations when they describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record [or] by evidence of agency bad faith."  *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).

    *B.  The Secret Service's Search for Responsive Records*

The Secret Service interprets plaintiff's FOIA request broadly as one "for any documents concerning directed energy weapons/systems or electromagnetic radiation devices/systems" generally.  Ulmer I Decl. ¶ 4.  The "responsive documents the Secret Service located do not in any way concern the plaintiff."  *Id.*  Staff of its FOIA/PA Office "determined what Secret Service division would possess information responsive to 'Direct Energy Devices or Systems,' and 'Electromagnetic Radiation-Emitting Devices or Systems.'"  *Id.* ¶ 14.  Those divisions were the Intelligence Division, the Office of Human Resources and Training, the Technical Security Division, the Investigative Support Division, and the Uniformed Division.  *Id.*  Searches of

these divisions' records, defendant asserts, were "reasonably likely to produce records responsive to plaintiff's request." *Id.* ¶ 18.

First, staff conducted a search of the Secret Service Master Central Index (MCI), an "on-line computer system used by all Secret Service field offices, resident offices, protective divisions, and headquarters divisions for a variety of applications." Ulmer I Decl. ¶ 15. It is a recordkeeping system of information "for cases and subjects of record in investigative, protective, and administrative files maintained by the Secret Service." *Id.* When possible, "[i]ndividuals and groups on whom the Secret Service maintains records are indexed ... by name and personal identifiers." *Id.* "The MCI search for records responsive to plaintiff[']s request was negative." *Id.* The declarant does not state the search terms. It is unclear whether plaintiff's name and personal identifiers were used instead of or in addition to the terms "Direct Energy Devices or Systems" or "Electromagnetic Radiation-Emitting Devices or Systems."

There is scant information as to the systems of records maintained by or the method of search employed by the Uniformed Division, the Investigative Support Division, and the Intelligence Division. The declarant merely states that the "paper records and/or computer systems internal to those offices"

5

were searched. Ulmer I Decl. ¶ 16. Nor does the declarant explain the method or scope of the search of the Technical Security Division's paper records and internal e-mail network. *See id.* ¶ 17.

Based on the current record and in the face of plaintiff's challenges to the adequacy of the Secret Service's search for records responsive to his FOIA request, *see* Plaintiff's Verified Memorandum in Opposition to the Defendant's Motion for Summary Judgment at 28-34, the Court cannot conclude that the search was adequate and reasonable under the circumstances.

*C.   Referrals to Other Government Agencies*

Review of the current record reveals a second deficiency in the Secret Service's submissions. Its declarant describes the referral of records originating from other federal government agencies and submits a copy of each agency's direct response to plaintiff. Ulmer I Decl. ¶¶ 19-31; Reply Memorandum to Plaintiff's Opposition to Defendant's Motion for Summary Judgment, Second Declaration of Craig W. Ulmer ("Ulmer II Decl.") ¶¶ 7-20.

With the exception of records originating with the Naval Air Systems Command and the Transportation Security Administration, *see* Ulmer II Decl., Ex. D, M, each agency withheld all or portions of records under a FOIA exemption. *See id.*, Ex. A-C, E-

6

L, N-O, P.[2]

"[A]ll records in an agency's possession, whether created by the agency itself or by other bodies covered by the [FOIA], constitute agency records" for purposes of the FOIA. *McGehee v. Central Intelligence Agency*, 697 F.2d 1095, 1109 (D.C. Cir. 1983) (internal quotation marks omitted).  The Secret Service is responsible for processing plaintiff's FOIA request and for justifying the decisions to withhold any records or portions of records, regardless of the origin of the record or records at issue.  *See, e.g., Williams v. Fed. Bureau of Investigation*, No. 92-5176, 1993 WL 157679, at *1 (D.C. Cir. May 7, 1993) (per curiam) (remanding so that the FBI could present a justification for withholding one document referred by it to the DEA for direct response to the requester); *Maydak v. United States Dep't of Justice*, 254 F. Supp. 2d 23, 40-41 (D.D.C. 2003) (allowing Bureau of Prisons to supplement the record concerning records referred by it to a United States Probation Office and to the Internal Revenue Service); *see also Sussman v. United States Marshals Serv.*, 494 F.3d 1106, 1118 (D.C. Cir. 2007) (affirming denial of requester's summary judgment motion as against the Marshals Service where it referred records to the United States Postal

---

[2]   The Marine Corps released records to plaintiff, but it is unclear whether the records were released in full or released in part.  *See* Ulmer II Decl, Ex. O (January 8, 2008 letter from J.B. Bennett, Counsel, Marine Corps System Command).

Service and subsequently presented a Postal Service employee's declaration explaining invocation of Exemptions 6, 7(A), and 7(C)).  The Secret Service's supporting declaration addresses its decisions to withhold information under Exemptions 1, 2, 5, 6, 7(C), 7(E), and 7(F) from records originating with the Secret Service, *see* Ulmer I Decl. ¶¶ 34-52, but the record contains no explanation of the decisions by the other agencies to withhold information under Exemptions 1, 2, 4, 5, 6, 7(C), 7(E).  Based on the current record, the Court cannot conclude that defendant has fulfilled its obligations under the FOIA.

Accordingly, it is hereby

ORDERED that the Secret Service's motion for summary judgment [Dkt. #40] is DENIED WITHOUT PREJUDICE; and it is

FURTHER ORDERED that plaintiff's motion for *in camera* review [Dkt. #49] is DENIED WITHOUT PREJUDICE; and it is

FURTHER ORDERED that defendant's motion for an extension of time to file its reply [Dkt. #53] is GRANTED *nunc pro tunc*; and it is

FURTHER ORDERED that defendant shall file a renewed summary judgment motion within 45 days of entry of this Order.

SO ORDERED.

Signed this 21st day of November, 2008.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge